JAMES B. ELKINS v. SAMUEL SEIGLER, JR.

(Filed 22 March, 1911.)

1. Wills—Devises—Limitations—Conditions—Surviving Children—
   Deeds and Conveyances—Title—Defeasance.

   Under a devise of a life estate in lands, with limitation over
   to L., and to "the child or children of her body," with proviso if
   L. "dies without leaving any children, then, and in no other case,
   to my lawful heirs," the fee simple vests in L., defeasible upon
   her dying without leaving a child, and L. cannot execute a good
   deed in fee simple.

2. Deeds and Conveyances—Purchaser—Doubtful Title.

   A purchaser of lands is not required to accept a doubtful title.

APPEAL by plaintiff from *Peebles, J.,* at January Term,
1911, of NEW HANOVER.

The facts are sufficiently stated in the opinion of the Court
by *Mr. Chief Justice Clark.*

*S. M. Empie for plaintiff.*
*No counsel for defendant.*

CLARK, C. J. This is an action submitted without contro-
versy under Revisal, 803, to obtain the construction of the fol-
lowing item in the will of Mary W. Freeman: "I give and de-
vise to my friend, Louis Chapman, for the term of his natural
life, and after his death to Louisa Jones, and to the child or
children of her body, forever: *Provided,* if the said Louisa
Jones dies without leaving any children, then, and in no other
case, to my lawful heirs, all my real estate," etc., etc.

Mary W. Freeman died 3 November, 1894, and Louis Chap-
man died in 1901. Louisa Jones at the death of Mary Free-
man was single. In November, 1894, she married James B.
Elkins and has never had any children. She contracted to de-
liver to the defendant a fee-simple deed for the land in ques-
tion in consideration of the sum of $600. She has tendered a
fee-simple deed in warranty. The defendant declined to ac-
cept the deed and pay the purchase money, on the ground that

the plaintiff could not execute a good deed in fee simple. His Honor properly so held, and rendered judgment against the plaintiff.

The point here presented was decided in *Whitfield v. Garris,* 131 N. C., 148, and on rehearing was reaffirmed in an opinion by *Walker, J.,* with a wealth of authority and force of reasoning which leaves nothing to be added. 134 N. C., 24. It was held that such devise vests a fee simple in the devisee, defeasible upon her dying without leaving a child. This case has been cited and approved, *Cheek v. Walker,* 138 N. C., 449; *Anderson v. Wilkins,* 142 N. C., 161; *Harrell v. Hagan,* 147 N. C., 113; *Dawson v. Ennett,* 151 N. C., 545.

It is true, as contended by the plaintiff, that if Louisa Elkins had children living at the death of the testator she and the children would have taken as tenants in common, and that if she had no children at that time she would have taken a fee simple (*Silliman v. Whitaker,* 119 N. C., 89), as plaintiff's counsel contends. But his argument leaves out of consideration a material fact, that under the terms of this will it is a fee simple defeasible if said Louisa should die without leaving a child. A purchaser is never required to accept a doubtful title. *Batchelor v. Macon,* 67 N. C., 181.

Affirmed.