M. C. KIRKMAN AND GUY C. KIRKMAN v. THEODORE SMITH.

(Filed 28 November, 1917.)

1. **Wills—Devises—Shifting Use—Defeasible Fee.**
    A devise of lands to K. "his lifetime, then to go to" G. and M., "and if
    they should die without leaving bodily heirs, then to go to the Flow heirs":
    *Held*, after the falling in of the life estate, G. and M. take the fee in the
    remainder (Revisal, sec. 3138), defeasible upon their dying without leaving
    "bodily heirs," in which event it would go to the ultimate devisees, upon
    the principle of a shifting use operating by way of an executory devise.

2. **Wills—Devises—Defeasible Fee—Estates—Limitations—Statutes.**
    When G. and M. take, by devise, the fee simple in lands, defeasible upon
    their dying without leaving bodily heirs, the event determining the estate
    they shall take is whether they have children living at the time of their
    death or born within ten lunar months thereafter, "unless the intention of
    such limitation be otherwise, and expressly and plainly declared in the
    face" of the will.

**3. Deeds and Conveyances—Defeasible Title—Wills—Devises.**

A devise of lands to G. and M. in fee, defeasible upon their dying without leaving bodily heirs, and then to the heirs of the testator: *Held,* neither G. nor M., nor one of them after the death of the other, could convey an indefeasible fee simple title to the lands.

**4. Wills — Estates—Remaindermen—Testator's Heirs—Devise—Purchase—Descents—Statutes.**

Where a testator devises a fee simple title to his lands to his two sons, defeasible upon their dying without leaving bodily heirs, naming the Flow heirs as his ulterior devisees (Revisal, sec. 1556; Rule 4 of Descents), providing that on failure of lineal descendants, etc., the inheritance shall descend to the next collateral relations, capable of inheriting, of the person last seized, who are of the blood of the ancestor, has no application, and cannot confine the heirs who will take under the will to those who are also the heirs of his two sons to whom the devise was made; for the Flow heirs would take directly under the will as purchasers, upon the happening of the contingency.

CIVIL ACTION, heard by *Cline, J.,* on demurrer, at June Term, 1917, of MECKLENBURG.

The plaintiffs alleged in their complaint:

1. That the defendant made and executed a written agreement, by which he contracted to purchase a certain tract of land in Clear Creek Township, containing 132 acres, from the plaintiffs, for $4,000 provided the plaintiffs can convey a good title in fee to the same.

2. In pursuance of said written agreement, the plaintiffs have tendered a deed sufficient in form to convey to the defendant the lands described in the written agreement hereinbefore set out, and have demanded the purchase price therefor, in accordance with the terms of the agreement.

3. The defendant has refused to accept said deed, and still refuses to accept it, giving as his reason and excuse, not any objection to the form or substance of the deed itself, but that the plaintiffs were not vested with an absolute title in fee simple to said land by the will of D. W. Flow, under which they claim the same, and cannot pass such a title to him.

4. The part of the will of D. W. Flow devising the lands reads as follows: "Second. To Margaret G. Kirkman, one tract of land, known as the Harkey Place, supposed to be about 132 acres, adjoining the lands of Mrs. Helena Morrison, J. A. Houston, and adjoining my home tract, to be hers her lifetime, and then to go to Guy Kirkman and Marvin Kirkman, and if they should die without any bodily heirs, then said land to go back to the Flow heirs."

5. Margaret G. Kirkman is the daughter of D. W. Flow, and was a widow at the time D. W. Flow made his will, and Guy and Marvin Kirkman were her two sons and her only children, and as such the grandsons of the said testator, D. W. Flow.

6. The will is dated 27 October, 1893, and was duly and properly probated and recorded in the office of the Clerk of the Superior Court of Mecklenburg County.

7. That Marvin Kirkman died intestate, in the year 1903, he then being unmarried and a young man, only 18 years of age, leaving no issue or lineal descendants, and that Guy Kirkman, mentioned in that part of the will above quoted, is the same person as G. C. Kirkman, one of the plaintiffs herein, and that he is now 30 years of age and has a wife and two living children, who are 9 and 7 years of age, respectively.

8. That solely on account of the facts before stated, the defendant refuses to accept the title to the lands in question and pay for the same, in accordance with his contract, insisting that on account of said facts he would not and could not obtain from plaintiffs an absolute fee simple title to said lands.

The defendant demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action.

The court sustained the demurrer, and as plaintiffs admitted that they could not improve their case by amendment, and desired to have the same finally decided upon the present complaint, the court dismissed the action and taxed plaintiffs with the costs, and they thereupon appealed.

*Thaddeus A. Adams for plaintiffs.*
*Cansler & Cansler for defendant.*

WALKER, J., after stating the case: It is clear that by the deed, which has been tendered, an absolute fee simple title would not pass to the purchaser of the land, if the deed should be accepted. The clause of the will in question is the same as if it had read, "To Margaret Kirkman for life, and then to Guy Kirkman and Marvin Kirkman and their heirs, and if they should die without any bodily heirs, then the land to go over to the Flow heirs." This follows from the provision of our statute (Revisal, sec. 3138), that every devise of real estate shall be held and construed to be a devise in fee simple unless otherwise plainly expressed or intended by the will, or some part thereof, that the testator's purpose was to pass an estate of less dignity. The limitation in remainder to the two sons was of an estate in fee, but subject to be terminated or defeated by the happening of the event, viz., the death of the sons without bodily heirs, upon which the estate was limited. The estate, therefore, was not absolute, but defeasible. If the event takes place, it will go over to the ulterior devisees. *Whitfield v. Garris,* 134 N. C., 27. It is a shifting use, operating by way of an executory devise, as it would be a conditional limitation if the clause were in a deed. *Chief Justice Shepherd* pointed out with great clearness and discrimination, in *Starnes v. Hill,* 112 N. C., 1, and afterwards in *Whiteside v. Cooper,* 115 N. C., 570, the difference between vested and contingent remainders. Quoting from Gray

on Perpetuities, he said: "The true test in limitations of this character is, that if the conditional element is incorporated into the description of the gift to the remainderman (as it is in the case under consideration), then the remainder is contingent; but if after the words giving a vested interest a clause is added divesting it, the remainder is vested. Thus, on a devise to A. for life, remainder to his children, but if any child die in the lifetime of A., his share to go to those who survive, the share of each child is said to be vested, subject to be divested by its death. But on a devise (as in the present case) to A. for life, remainder to such of his children as survive him, the remainder is contingent." But Guy C. Kirkman cannot convey an indefeasible title, as he may yet die without bodily heirs. It is provided by Revisal, sec. 1581: "Every contingent limitation in any deed or will, made to depend upon the dying of any person without heir or heirs of the body, or without issue or issue of the body, or without children, or offspring, or descendant, or other relative, shall be held and interpreted a limitation to take effect when such person shall die, not having such heir, or issue, or child, or offspring, or descendant, or other relative (as the case may be) living at the time of his death, or born to him within ten lunar months thereafter, unless the intention of such limitation be otherwise and expressly and plainly declared in the face of the deed or will creating it." This will was made since 1828. If the contingency of Guy's dying without bodily heirs should take place, the estate would go over to the other devisees named in the will, namely, the Flow heirs, and the estate of the purchaser, if he accepted the deed, or was compelled to do so, would be defeated. It therefore results that the deed would not pass to him the estate for which he contracted, and which the plaintiffs agreed to convey. We do not think that Rule 4 of the Canons of Descent has any application. That rule (Revisal, sec. 1556) provides: "On failure of lineal descendants, and where the inheritance hase been transmitted by descent from an ancestor, or has been derived by gift, devise, or settlement from an ancestor, to whom the person thus advanced would be in the event of such ancestor's death have been the heir or one of the heirs, the inheritance shall descend to the next collateral relations, capable of inheriting, of the person last seized, who were of the blood of such ancestor, subject to the two preceding rules." It is evident that the rule is confined to cases where there is no other disposition of the land by the will which would interfere with the prescribed course of descent. In this case the "Flow heirs" take, not by descent from the testator, or Guy C. Flow, but under the will as purchasers, because it is declared therein that in default of the sons having bodily heirs at their death the estate shall go to them. He who thus takes under the will, and not by descent under the law, is what the civil law denominates *hæres factus,* or an heir made by will. We could not construe Rule 4 as confining the limitation over at the death of the sons

without "bodily heirs" to those of the Flow heirs, who also will be heirs of Guy Kirkman at his death, as the testator has willed otherwise by appointing other devisees to take when the event, now contingent, shall happen. If there had been no such limitation to other persons in remainder, the question ably argued by learned counsel might have arisen.

His Honor, *Judge Cline,* was therefore correct in holding that the plaintiffs could not convey "an absolute fee simple estate" which they sold to the defendant and contracted that they would transfer to him.

Affirmed.