GUY KIRKMAN v. THEODORE SMITH.

(Filed 28 May, 1918.)

1. Estates—Contingent Limitations—Heirs—Children—Statutes—Interpretation—Death of First Taker.

The statute of 1827, now Revisal, sec. 1581, providing that every contingent limitation by deed or will, made to depend upon the dying of any person without heirs or heirs of the body, etc., shall be held and inter-

preted a limitation to take effect when such person shall die, not having such heir, etc., changed the law as it was interpreted prior to 1829, as to perpetuities, and the Statute is not only a law validating limitations of this character, by referring the "death without heir or issue" to a fixed and definite time, but is also regarded as a rule of interpretation by which the estate of the first taker is to be affected with the contingency until his death, unless it clearly appears upon the face of the deed or will that an earlier period was intended by the testator for the first estate to become absolute.

**2. Same—Intent—Vesting of Estates.**

On devise of an estate to M. for life, then to G. and K., and if they should die without bodily heirs, then over, the creation and existence of the life estate, without more, does not, of itself, affect the statutory rule of construction as to estates in remainder, and the contingency affecting such estates will continue to affect the same till the death of the first takers in remainder. Revisal, sec. 1581.

**3. Same—Defeasible Fee—Deeds and Conveyances.**

A devise to M. "to be hers her lifetime" and then to G. and K., and if they should die without any bodily heirs, "then said land shall go back to the Flow heirs," after the death of M. and K, it is *Held*, that G., who is alive, married and having living children, has a fee-simple title to the land, defeasible upon his dying without children, and he cannot convey a perfect title thereto.

ACTION, heard on demurrer to complaint before *Long, J.*, at Spring Term, 1918, of MECKLENBURG.

On matter relevant to the question presented, the complaint alleged that defendant had entered into a written contract to purchase of plaintiff a tract of land of 132 acres at the price of $4,000, or to buy one-half at $2,000, if plaintiff could only make a valid title to that half; that the title offered by plaintiff depends upon the clause in the will of D. W. Flow, executed in 1893, and facts relevant to the question as follows:

"Second. To Margaret G. Kirkman, one tract of land known as the Harkey Place, supposed to be about 132 acres, adjoining the lands of Mrs. Helena Morrison, J. A. Houston, and joining my home tract; to be hers her lifetime, and then to go to Guy Kirkman and Marvin Kirkman, and if they should die without any bodily heirs, then said land to go back to the Flow heirs. I also give to my daughter, Margaret G. Kirkman, three hundred dollars."

(*d.*) That Marvin Kirkman died intestate in the year 1903, he then being a young man only eighteen years of age, unmarried, and left no issue or lineal descendants.

(*e.*) That Margaret G. Kirkman died on the second day of February, 1918, intestate.

(*f.*) That Guy Kirkman, this plaintiff, is now thirty-one years of age, and has a wife and two children, 8 and 10 years of age, respectively.

Defendant demurred on the ground that, on the facts as stated, plaintiff could not make a valid title.

Judgment sustaining demurrer and plaintiff excepted and appealed.

*Thaddeus A. Adams for plaintiff.*
*Cansler & Cansler for defendant.*

HOKE, J. The question of title between these parties was presented to the Court on appeal in a former case, and it was held that, under the terms of the will and the relevant facts then existent, the estate held and title offered by Guy Kirkman was only a defeasible fee and the contract, therefore, which stipulated for a perfect title, could not be enforced. *Kirkman v. Smith,* 174 N. C., 603. This opinion having been certified down and judgment entered and the life tenant having in the meantime died, the parties again contracted and plaintiff instituted the present suit, contending that the death of said life tenant had so affected plaintiff's estate that a good title could now be made, but we are of opinion that on the record the position cannot be sustained.

Prior to the act of 1827, it was very generally recognized that in a devise to one in fee with limitations over, if the first taker die without heir or heirs of his body or issue, in terms importing an indefinite failure of heirs or issue, the limitation over on such contingency was held to be too remote and void under the rule against perpetuities.

The position, though enforced at times with great reluctance by the judges, was considered too strongly entrenched and fortified by precedent to be disturbed by judicial action, but operating, as it did not infrequently, to frustrate the intention of the testator and destroy the interests of meritorious claimants, the General Assembly, in 1827, enacted a statute, Revisal, sec. 1581, that as to all deeds and wills executed on and after 15 January, 1828, "Every contingent limitation in any deed or will made to depend upon the dying of any person without heir or heirs of the body, or without issue or issues of the body, or without children or offspring or descendant, or other relative, shall be held and interpreted a limitation to take effect when such person shall die, not having such heir, or issue or child, or offspring, or descendant, or other relative (as the case may be) living at the time of his death, or born to him within ten lunar months thereafter, unless the intention of such limitation be otherwise and expressly and plainly declared in the face of the deed or will creating it."

In various authoritative cases construing this statute, it has been established that it is not only a law validating limitations of this character by referring the "death without heir or issue" to a fixed and definite time, but it should also be regarded as a rule of interpretation by which

the estate of the first taker is to be affected with the contingency until his death unless it clearly appears on the face of the deed or will that an earlier period was intended by the testator for the first estate to become absolute. *Kirkman v. Smith,* 174 N. C., 603; *Springs v. Hopkins,* 171 N. C., 486; *Rees v. Williams,* 165 N. C., 201; *S. c.,* 164 N. C., 128; *Harrell v. Hagan,* 147 N. C., 111; *Sain v. Baker,* 128 N. C.. 256; *Buchanan v. Buchanan,* 99 N. C., 308.

True, it is fully recognized with us that in case of ambiguity permitting construction, the law will favor the early vesting of estates, and that ordinarily the first taker is to be regarded as the primary object of the testator's bounty and, construing wills in reference to these principles, we have also repeatedly held that in certain instances an earlier period should be fixed upon for the contingent estate to vest, as in *Whitfield v. Douglass, ante,* 46; *Bank v. Johnston,* 168 N. C., 314; *Dunn v. Hines,* 164 N. C., 113.

But, in these cases, the ruling was made by reason of terms and limitations in the will having some proper bearing or qualification on the estate or interest of the first holder, and none of them, so far as examined, will sanction or uphold the position that in wills or deeds coming under the provision of the statute, such a result will be affected by a vested and preëxisting life estate in another. On the contrary, many of the cases directly hold that this of itself and without more will not interfere with the full operation of the statutory rule; that a dying without issue shall be referred to the death of the first holder of the estate affected by the contingency. *Wichard v. Craft,* present term; *Hobgood v. Hobgood,* 169 N. C., 485; *Elkins v. Seigler,* 154 N. C., 374; *Perrett v. Byrd,* 152 N. C., 220. And so, in the present instance, there is nothing whatever which shows or tends to show that an earlier period was intended other than the mere fact that a vested life estate is first given to Margaret G. Kirkman. ·

The case of *Hilliard v. Kearney,* 45 N. C., 221, cited and much relied on by plaintiff, involved the construction of a will bearing date in 1775, and expressly exempted from the effect of the statute. In so far as wills subject to the statute are concerned, it has been restricted in its effects to the question actually decided in that case, to wit, that the quality of survivorship annexed to a devise to five tenants in common should terminate at the death of the devisor when expressed in the singular number, and there was nothing in the clause or elsewhere in the will to show that a succession of survivorships was intended or that the existence of the contingency should extend beyond such death. *Buchanan v. Buchanan, supra; Harrell v. Hagan, supra.*

While there is much valuable learning in *Hilliard v. Kearney,* and the case is therefore often cited, there is doubt if it is in any way authorita-

tive as to wills or deeds subject to the statutory rule of interpretation and, as suggested in the argument of the defendant, the other decisions of like kind cited by plaintiff are either cases of wills bearing date prior to the statute or in the two or three since that time, they have been disapproved on the express ground that the Court had not been sufficiently advertent to the change wrought by the law as a rule of interpretation. See *Baker v. Sain,* 128 N. C., 256.

And in the recent case of *Rider v. Oates,* 173 N. C., 569, also cited for plaintiff, the decision was made to rest on the ground that the deed of trust in express terms provided that the estate to the grantor's children should become absolute, "shall vest absolutely at the death of his widow." And that this was not changed by a subsequent limitation in the deed that in the event of all the children dying without issue, the said property shall descend to the brothers and sisters, and construing these provisions together and so as to give each its proper effect, the true intent and meaning of the deed was that the property should go to these brothers and sisters only if all of his children died without issue before the estate became absolute under the first provision. The ruling was, therefore, brought directly within the statute: "That the deed itself fixed the earlier period for the termination of the contingency."

There is no error and the judgment sustaining the demurrer is
Affirmed.