FRANK P. THERRELL ET AL. v. W. S. CLANTON ET AL.

(Filed 30 June, 1936.)

**Deeds C c—Deed in this case held to create right of reversion in grantor and not contingent remainder in grantor's heirs.**

The deed in this case conveyed the land to a husband and wife by entirety, with remainder to their children in fee, with further provision that in the event the husband and wife had no children, "then the estate in fee simple forever to the right heirs" of the grantor. Thereafter the husband and wife conveyed the land and their grantor joined with them in executing the deed. The husband and wife died without children, and the heirs of the original grantor instituted this action for the land. *Held:* The deed did not create a contingent limitation in favor of the heirs of the grantor, but created the right of reversion in her upon the happening of the contingency, and her heirs have no interest in the land, their claim being by way of inheritance and not by purchase, and their ancestor having previously conveyed her right of reversion by joining in the deed executed by the husband and wife.

APPEAL by plaintiffs from *Small, J.,* at July Special Term, 1935, of MECKLENBURG. No error.

This is an action to recover possession of a lot or parcel of land situate within the corporate limits of the city of Charlotte, in Mecklenburg County, North Carolina, and described in the complaint by reference to a deed recorded in the office of the register of deeds of Mecklenburg County, in Book No. 60, at page 378.

It is alleged in the complaint that plaintiffs are the owners in fee and are entitled to the immediate possession of the land described in the complaint, and that the defendants are in the wrongful and unlawful possession of said land. These allegations are denied in the answer.

The facts shown by the evidence at the trial are as follows:

On 9 June, 1888, by deed duly executed by her, Mary E. Parker conveyed the land described in the complaint to W. H. Gilmore and Frances E. Gilmore, as follows: "To W. H. Gilmore and Frances E. Gilmore an estate for their joint lives and for the life of the survivor of them, with remainder after the determination of the life estate herein granted to the children of Frances E. Gilmore upon her body begotten by the said W. H. Gilmore, in fee simple, forever, and in the event that Frances E. Gilmore should have no children of her body by the said W. H. Gilmore, then the estate in fee simple forever to the right heirs of Mary E. Parker."

This deed was duly recorded in the office of the register of deeds of Mecklenburg County, on 16 June, 1888, in Book No. 60, at page 378.

On 1 September, 1904, by deed duly executed by them, W. H. Gilmore and his wife, Frances E. Gilmore, and Mary E. Parker conveyed the land described in the complaint to W. C. Maxwell in fee simple, and in said deed covenanted and agreed with the said W. C. Maxwell that they were seized in fee of the said land, and had the right to convey the same in fee, and that they would warrant and defend the title to the same against the claims of all persons whomsoever. In this deed reference is made to the deed executed by Mary E. Parker to W. H. Gilmore and Frances E. Gilmore, dated 9 June, 1888, and recorded in Book No. 60, at page 378, in the office of the register of deeds of Mecklenburg County.

This deed was duly recorded in the office of the register of deeds of Mecklenburg County on 3 September, 1904, in Book No. 192, at page 222.

On 4 July, 1906, by deed duly executed by them, W. C. Maxwell and his wife, C. B. Maxwell, conveyed the land described in the complaint to W. S. Clanton in fee simple. In this deed reference is made to the deed from W. H. Gilmore and his wife, Frances E. Gilmore, and Mary E. Parker to W. C. Maxwell, dated 1 September, 1904, and duly recorded in the office of the register of deeds of Mecklenburg County, in Book No. 192, at page 222.

This deed was duly recorded in the office of the register of deeds of Mecklenburg County, in Book No. 212, at page 451.

On 9 April, 1914, by deed duly executed by them, pursuant to a final order and judgment in a special proceeding pending in the Superior Court of Mecklenburg County, entitled "W. S. Clanton *et al. v.* Corneil C. Clanton *et al.,*" W. S. Clanton and his wife, M. A. Clanton, conveyed the land described in the complaint to the children of W. S. Clanton, in fee simple, subject to an estate for his life in said land, which was expressly reserved to the said W. S. Clanton. In this deed reference is made to the deed from W. H. Gilmore and his wife, Frances E. Gilmore, and Mary E. Parker to W. C. Maxwell, dated 1 September, 1904, and duly recorded in the office of the register of deeds of Mecklenburg County, in Book No. 192, at page 222.

This deed was duly recorded in the office of the register of deeds of Mecklenburg County, on 20 April, 1914, in Book No. 322, at page 534.

Frances E. Gilmore, wife of W. H. Gilmore, was the only child of Mary E. Parker, who is dead. At her death she left surviving both her said daughter, Frances E. Gilmore, and her husband, W. H. Gilmore. W. H. Gilmore is dead. At his death he left surviving him his wife, Frances E. Gilmore, who died on 14 June, 1934. She had no children begotten upon her body by her husband, W. H. Gilmore. She did not remarry after his death and left no children, or issue surviving her at her death.

On 9 June, 1888, the date of her deed to W. H. Gilmore and his wife, Frances E. Gilmore, Mary E. Parker had brothers and sisters living. The plaintiffs are the issue of such brothers and sisters, living at the death of Frances E. Gilmore, or grantees of such issue.

The issue submitted to the jury was as follows:

"Are the plaintiffs the owners in fee and entitled to the possession of the land described in the complaint?"

The plaintiffs, in writing and in apt time, requested the court to instruct the jury as follows:

"Gentlemen of the jury, the court charges you that upon the whole evidence, if you believe the evidence, you should answer the issue 'Yes.'"

To the refusal of the court to so instruct the jury, the plaintiffs duly excepted.

The court then instructed the jury as follows:

"Gentlemen of the jury, if you believe all the evidence, and believe it to be true by its greater weight, you will answer the issue 'No.'"

The plaintiffs duly excepted to this instruction.

In accordance with the instruction of the court, the jury answered the issue "No."

From an adverse judgment, the plaintiffs appealed to the Supreme Court, assigning as errors the refusal of the court to instruct the jury as requested by the plaintiffs, and the instruction of the court to the jury in its charge.

*Ryburn & Hoey and Hal B. Adams for plaintiffs.*
*John M. Robinson and Hunter M. Jones for defendants.*

CONNOR, J. In support of their assignments of error on their appeal to this Court from the judgment of the Superior Court in this action, the plaintiffs contend that under the deed executed by Mary E. Parker, dated 9 June, 1888, upon the death of Frances E. Gilmore leaving surviving her no child begotten upon her body by her husband, W. H. Gilmore, an estate in fee simple in the land described in the complaint vested in the heirs of Mary E. Parker, deceased, living at the death of Frances E. Gilmore, as a remainder created by said deed, and that all the evidence at the trial showed that the plaintiffs and those under whom they claim are such heirs of Mary E. Parker, deceased. This contention cannot be sustained.

The provision in the deed that "in the event Frances E. Gilmore should have no children of her body by the said W. H. Gilmore, then the estate in fee simple forever to the right heirs of Mary E. Parker," does not create a contingent remainder. At most, it creates a reversion in the grantor, Mary E. Parker, which was subsequently conveyed by her to W. C. Maxwell, under whom the defendants claim.

In *King v. Scoggin,* 92 N. C., 99, it is said: "It is true, remainders are created by deed or writing, but the estate is sometimes created so that what is called a remainder is, in effect, only a reversion; as, for instance, where an estate is given to one for life, remainder to the right heirs of the grantor (2 Washburn Real Property, 692; Burton Real Property, 51), and this must be the kind of remainder classed with reversions which go to the donor or to him who can make himself heir to him; but it cannot be that when the owner in fee conveys it by deed or will, to one for life and after his death to another in remainder in fee, the estate could under any circumstances return to the donor, for he has parted with all his interest, and under the rule as laid down in *Lawrence v. Pitt,* 46 N. C., 344, the person who claims the estate must make himself heir to the remainderman, who is the first purchaser of the remainder, because being the first purchaser of the remainder, he thereby becomes a new *stirpes* of the inheritance." See *Grantham v. Jinnette,* 177 N. C., 229, 98 S. E., 724; and *Thompson v. Batts,* 168 N. C., 333, 84 S. E., 347.

The plaintiffs claim the land described in the complaint as heirs of Mary E. Parker. They therefore claim by descent and not by purchase. *Yelverton v. Yelverton,* 192 N. C., 614, 135 S. E., 632. As their ancestor, Mary E. Parker, before her death, had conveyed the land to W. C. Maxwell, by deed dated 1 September, 1904, and duly recorded in the office of the register of deeds of Mecklenburg County on 3 September, 1904, the plaintiffs are not now the owners of said land and entitled to its possession.

There was no error in the refusal of the trial court to instruct the jury as requested by the plaintiffs, or in the instruction given by the court to the jury.

The judgment is affirmed.

No error.