## G. H. ELLIS AND POLLIE ELLIS v. JOHN L. BARNES.

(Filed 8 March, 1950.)

**1. Deeds § 11—**

Each provision of a deed must be given effect in ascertaining the intent of the grantor from the entire instrument unless such provision is in irreconcilable conflict with another, or is contrary to public policy, or runs counter to some rule of law.

**2. Deeds § 13a—**

A *habendum* which provides that the grantee's fee after the reservation of a life estate should be defeasible if he should die without issue and that the remainder should vest in other children of the grantor upon the happening of the contingency, is not repugnant to a granting clause conveying the fee to the grantee after the reservation of the life estate.

**3. Same—**

The office of the *habendum* is to define the extent of the ownership in the thing granted, and while it may not contradict the granting clause or introduce a stranger to the premises to take as a grantee, it may lessen, enlarge, explain, or qualify the estate granted in the premises and provide that a stranger take by way of remainder.

**4. Same—**

A limitation by deed to the heirs of a living person will be construed to be to the children of such person, unless a contrary intention appear. G.S. 41-6.

**5. Same—**

Grantor conveyed the land in question to her son after the reservation of a life estate, and by *habendum* stipulated that the grantee should have an estate for the term of his natural life and at his death to his issue surviving, with further provision that should he die without issue "then to the living heirs of" the grantor. *Held:* The other children of grantor have a remainder contingent upon the death of the grantee without issue, which interest cannot be defeated by a conveyance executed by the grantee with the joinder of the grantor.

APPEAL by defendant from *Carr, J.,* at November Term, 1949, of WILSON.

This is an action for specific performance.

Pollie Ellis, the owner in fee of the lands involved herein, conveyed the property by deed to her son, G. H. Ellis, on 7 August, 1926, reserving in the granting clause a life estate. The *habendum* is as follows: "To have and to hold the aforesaid lot of land and all privileges and appurtenances thereto belonging, to the said G. H. Ellis upon the following terms and conditions: The said Pollie Ellis hereby reserves a life estate therein for and during the term of her natural life, then to said G. H. Ellis for and during his natural life and at his death to his issue surviving. If he die without issue, then to the living heirs of said Pollie Ellis."

The plaintiffs and the defendant entered into a written agreement, on 15 October, 1949, wherein defendant agreed to pay plaintiff $3,000.00 upon their executing and delivering to him on or before 18 October, 1949, a deed conveying to him a fee simple title to the property free from encumbrances, or if they could not convey a fee simple title therein, then upon their conveying to him free from encumbrances the life estate of Pollie Ellis therein, including the right of any reversion the plaintiff Pollie Ellis may have therein, which is contingent upon G. H. Ellis dying without issue surviving him; and, the life estate of the plaintiff G. H. Ellis in said property, or the fee simple estate of plaintiff G. H. Ellis in said property (subject to the life estate of plaintiff Pollie Ellis), defeasible upon his dying without surviving issue.

It is further stipulated in the contract that it is the intention of the parties that such deed will be acceptable provided it shall convey to the party of the second part (who is the defendant herein), his heirs and assigns, an estate in said property of which he could be divested only upon the contingency of G. H. Ellis dying leaving a child, or children, or descendants of any child or children, surviving him.

The plaintiffs executed and tendered a deed in apt time to the defendant, conveying all their right, title and interest in and to the property, but the defendant refused to accept the deed and pay the agreed price, for the reason as he contends, the deed tendered does not convey such title as he agreed to accept.

Pursuant to motion by the plaintiffs, at the hearing below, judgment was entered on the pleadings, directing the defendant to accept the tendered deed and to pay to the plaintiffs the agreed purchase price. Defendant appeals and assigns error.

*Lamb & Lamb for plaintiffs.*
*Thomas J. Moore for defendant.*

DENNY, J. In the interpretation of the provisions of a deed, the intention of the grantor must be gathered from the whole instrument and

every part thereof given effect, unless it contains conflicting provisions which are irreconcilable, or a provision which is contrary to public policy or runs counter to some rule of law. *Willis v. Trust Co.,* 183 N.C. 267, 111 S.E. 163; *Springs v. Hopkins,* 171 N.C. 486, 88 S.E. 774.

There is no conflict or repugnancy between the granting and *habendum* clauses in the deed under consideration, which prevents giving full force and effect to the intent of the grantor as expressed in the *habendum* clause of the deed.

In the case of *Bryant v. Shields,* 220 N.C. 628, 18 S.E. 2d 157, *Devin, J.,* in speaking for the Court, said: "The usual office of the *habendum* in a deed is to define the extent of the ownership in the thing granted to be held and enjoyed by the grantee (26 C.J.S., 200, 431); to lessen, enlarge, explain, or qualify the estate granted in the premises (*Seawell v. Hall,* 185 N.C. 80, 116 S.E. 189); but not to contradict or to be repugnant to the estate granted therein (*Bryan v. Eason,* 147 N.C. 284, 61 S.E. 71), though the *habendum* clause may control if it clearly appears the grantor so intended. *Seawell v. Hall, supra;* 84 A.L.R., 1050." *Cf. Pilley v. Smith,* 230 N.C. 62, 51 S.E. 2d 923.

It is well settled that while a stranger to the premises may not be introduced in the *habendum* to take as a grantee, he may take by way of remainder. *Bryant v. Shields, supra,* and cited cases.

The language used by Pollie Ellis in the *habendum* of her deed should be considered in light of the statutory requirement contained in G.S. 41-6, which reads as follows: "A limitation by deed, will, or other writing, to the heirs of a living person, shall be construed to be to the children of such person, unless a contrary intention appear by the deed or will."

It would seem, therefore, that "the living heirs of Pollie Ellis," must be interpreted to mean the children of Pollie Ellis. This being so, the legal effect of the *habendum* clause is simply this: To G. H. Ellis for and during his natural life and at his death to his surviving issue. But if he die without issue surviving, then to the surviving children of Pollie Ellis. It follows, therefore, that the living children of Pollie Ellis (and, according to appellant's brief, there are several of them) have an interest in the premises as contingent remaindermen. *Thompson v. Batts,* 168 N.C. 333, 84 S.E. 347.

It is apparent that in the case of *Therrell v. Clanton,* 210 N.C. 391, 186 S.E. 483, the Court regarded "right heirs of Mary E. Parker" as her general heirs and not as her children, which under the common law rule created a reversion by operation of law. 33 Am. Jur., Sec. 195, p. 669. To construe the opinion otherwise, would seem to require the conclusion that the Court simply overlooked or failed to apply the statute, G.S. 41-6. In any event, we do not think the case is controlling on the facts presented on the present record.

In view of what we have said and the cited authorities, we hold that the plaintiffs cannot give a fee simple title to the lands in question, neither can they give a fee simple title, defeasible "only upon the contingency of G. H. Ellis dying leaving a child, or children, or descendants of any child or children surviving him."

The judgment of the court below is

Reversed.