W. E. SCOTT, M. M. SCOTT, J. E. SCOTT, G. L. SCOTT, MARY S. DAVIS, KATHERINE S. McPHERSON, GERTIE S. BRICKHOUSE, ELSIE S. COPELAND, JULIUS TWIDDY, ROBERT TWIDDY AND WESLEY S. TWIDDY v. CORA JACKSON, RAYMOND DAVIS, COURTNEY SIKES, EDWARD DAVIS, MELVIN DAVIS, ELIZABETH D. HANBACK, LUTHER DAVIS, JR., CHARLES DAVIS, NELLIE D. PAISLEY, PHILIP DAVIS, GEORGE RANDOLPH, JR., VIVIAN B. BRAY, MARY R. BOWDEN, ETHEL R. BOONE, GASTON WILLIAMS, LENA W. FOREHAND, WILEY WILLIAMS, HYACINTH S. HOLTON, LUCILLE S. EDWARDS, ANNIE MAE G. ETHERIDGE, DORIS W. BURGESS, BETHEL W. SAWYER AND MARGARET W. FEREBEE.

(Filed 19 September 1962.)

**1. Wills § 42—**

G.S. 41-6 applies only when a devise is to the heirs of a living person,

and cannot have any application to a devise of a contingent limitation over to the heirs of testator upon the termination of a defeasible fee.

**2. Same—**

A devise of a contingent limitation over to the heirs of the childless testator takes the remainder to the heirs of testator upon the termination of the defeasible fee, and the word "heirs" will not be construed to mean "children" so as to take the estate to the heirs of the devisee for want of an ultimate taker, since such construction would not only be strained but would also be at variance with the intent of testator as expressed in the instrument.

**3. Wills § 35—**

A devise to a person and her heirs, with provision that if such person should die without issue the estate should go to testator's heirs, creates a defeasible fee, and upon the death of the devisee without issue the estate devolves to the heirs of testator.

APPEAL by defendants from *Stevens, J.,* March 1962 Term of PASQUOTANK.

This action was instituted to determine ownership of two pieces of land in Pasquotank County conveyed to William Randolph in 1902 by deed recorded in Book 25, p. 290. The court adjudged plaintiffs the owners. Defendants excepted and appealed.

*John H. Hall for plaintiff appellees.*
*E. Ray Etheridge for defendant appellants.*

RODMAN, J. William Randolph died in 1931. His will dated 19 March 1927 was probated in Pasquotank County.

Ethel Mae Stafford died intestate in 1961. She never had a child. Plaintiffs are her heirs at law.

William Randolph never had a child. Defendants are his heirs at law.

Polly S. Randolph, widow of William, died in 1946.

The rights of the parties are determined by the interpretation given to Items Two and Three of the will of William Randolph. They read as follows:

"ITEM TWO. I give, devise and bequeath unto my beloved wife for and during the term of her natural life, all of my property of whatever kind and wherever situated, consisting of real, personal and mixed property and choses in action. The personal property to be used by her for her support and maintenance and if necessary, to sell any part of the said personal property to pay off any indebtedness that I may owe at my death.

"ITEM THREE. I give and devise unto Ethel Mae Stafford, who is my wife's niece and who has been reared and maintained by us since

she was six years of age, after the death of my wife, all of my real estate, and such of my personal property as my wife shall not have disposed of or used during her life time to her and her heirs in fee simple, and in the event that the said Ethel Mae Stafford should die without leaving any issue or the issue of such then I devise such of my real estate to go to my heirs."

Plaintiffs, to support their assertion of title, say the word "children" should be substituted for the word "heirs" at the end of the third item so that the clause of defeasance would read: "in the event that the said Ethel Mae Stafford should die without leaving any issue or the issue of such then I devise such of my real estate to go to my children."

If the will should be so read, plaintiffs are the owners of the land, because, testator never having had children, there was never anyone who could qualify as the ultimate devisee. Hence the condition over would necessarily fail. *Elmore v. Austin,* 232 N.C. 13 (22), 59 S.E. 2d 205; *Lide v. Mears,* 231 N.C. 111 (120), 56 S.E. 2d 404.

To support their contention that the word "children" must be substituted for the word "heirs" at the end of Item Three of the will, plaintiffs rely on G.S. 41-6.

It is, we think, apparent this statutory provision can have no application to the facts of this case. This is true for two reasons: First, the statute applies only when the conveyance is to the heirs of a living person. Here the contingent and ultimate beneficiaries could not be the heirs of a living person because nothing was given prior to the death of William Randolph, the devisor. The instant Ethel Mae Stafford acquired an interest in the lands the heirs of William Randolph were readily ascertainable. *Perrett v. Bird,* 152 N.C. 220, 67 S.E. 507. This is not a case of *nemo est haeres viventis.* The converse of the picture here presented resulting in a different conclusion was presented to this Court in *Thompson v. Batts,* 168 N.C. 333, 84 S.E. 347.

Second, testator had no children when his will was executed. The devise to Ethel Mae Stafford would have been defeated by the subsequent birth of issue to devisor. G.S. 31-5.5. To hold that a word deliberately chosen by a devisor should not be given its customary and accepted meaning, but a word of limited meaning should be substituted, thereby invalidating the will solemnly executed, would not give effect to testator's intention, but would do violence thereto.

Ethel Mae Stafford was given a fee defeasible. When she died never having borne a child her estate terminated. Title then vested in defendants, the then heirs at law of William Randolph. *Ziegler v. Love,* 185 N.C. 40, 115 S.E. 887; *Kirkman v. Smith,* 174 N.C. 603, 94 S.E. 423, 175 N.C. 579, 96 S.E. 51; *Burden v. Lipsitz,* 166 N.C. 523, 82 S.E. 863; *Elkins v. Seigler,* 154 N.C. 374, 70 S.E. 636.

Reversed.