Ruffin, C. J.
 

 E. Barrow died in 1832, having made his will,and, amongst other things, bequeathed as follows: “I lend my daughter, Nancy E. Moore, the following property,
 
 *437
 
 to wit, negroes Lewis, Huldy, Baker, (and nine others by name) and one bed and furniture (and sundry other articles of furniture.) If my daughter, Nancy E., should depart' this life without issue, then it is my will, that her husband, William C. Moore, should have one half of the propérty I have lent to her; but the property is to be held in trust by my executors until the death of my daughter, Nancy E.; and then her half of the property is to be equally divided: between her brother Joseph and her two sisters, Martha and Rachel.” The testator appointed as his executors his said son Joseph, and John Mardree aud Alfred S'. Barrow, who were the husbands of the daughters, Rachel and Martha, respectively; and all those persons and WilliamG. Moore and his wife Nancy E. survived the testator.
 

 - In the life-time of the testator the sláve, Baker, died, and Huldy was by him sold. But upon his death the other ten negroes and their increase, and the other chattels bequeathed, were placed by the executors in the possession of Mr. Moore, to be held under the executors upon the trusts of the-will.
 

 In 183S William C. Mooré died intestate, leaving: his wife Nancy E. surviving him;' but she also died in 1839, having madte a will, and thereof appointed her said brother Joseph the executor, and left surviving her, the said Joseph and her sisters, Martha and Rachel. Upon the death of Mrs. Moore, Joseph Barrow,-and John Mardree and Alfred S. Barrow— the two latter of whom claimed in right of their’wives— claimed all the slaves and other property as theirs, and divided itinto three parcels accordingly, which they now severally hold. The present plaintiff is the administrator of the intestate, William C. Moore, and instituted this suit by petition in the County Court against those persons who thus have possession of the slaves, and are also the executors of the original testator, E. Barrow, and prays therein to be declared entitled, under the disposition to his intestate,' to one half of the slaves, and of the other property bequeathed as aforesaid, in trust for his wife, and of the increase thereof, and of the hires since the death of Mrs. Moore; and to have a division, account, and payment.
 

 
 *438
 
 The defendants respectively answered, substantially ad-fitting the case here stated, but insisting that the plaintiff was not entitled, as his intestate died before his wife, and tjjat having survived her, were entitled to the whole.
 

 In the County Court the petition was dismissed, but on appeal to the Superior Court the decree was reversed, and a declaration made, that the plaintiff was entitled according to the prayer of the petition, and commissioners appointed to divide and allot to the plaintiff his half part of the negroes and their increase, and other specific articles, and an enquiry directed as to the profits, and as to the value of any part of the property that might have been sold by the defendants. But from that interlocutory decree the court allowed the defendants to appeal to this court.
 

 The decree, we think, proceeds on the proper construction of the will, which seems, indeed, to be very plaiu.
 

 The limitation over, after the
 
 death of
 
 the first taker “ without issue,” is within the letter oí the act of 1827, (ReV. Stat. c. 122, s. 11,) and is made effectual by it.
 

 It may be granted as highly probable, that the testator expected his daughter’s husband to outlive her, and, in that expectation it was, that he gave to him one half of the property, as a personal benefit, upon the death of the wife without leaving issue. We can readily believe, that, if Mr. Barrow had thought of the case of their having no children, and of Mr. Moore’s dying before Mrs. Moore, he would have limited the property to his own children, and not to Mr. Moore, for the sake of vesting it in an administrator for the benefit of the son-in-law’s creditors, or next of kin. But this is conjecture only; and on it the will is not to be altered by the introduction of another contingency, besides that expressed by the testator. The gift over to the husband, brother, and sisters oí Mrs. Moore, is, simply, on the contingency of her “ dying without issue;” and it is not to him or them “if then living,” or “to such one or more of them as might be then alive.” Consequently, as Mrs. Moore never had issue, and is now dead, the legacy has become absolutely vested. That contingent interests of this description are transmissible to executors, and are not lost by the death of
 
 *439
 
 the person before the event happens, on which they are to vest in possession, though once doubted, has long been settled.
 
 King
 
 v
 
 Withers,
 
 Cas. Temp. Talb. 117.
 
 Purefoy
 
 v Rogers, 2 Saund. 288. e.
 
 note.
 

 It must, therefore, be certified to the court below, that this court perceives no error in the decree; and the appellants must pay the costs in this court.
 

 Per Curiam, Ordered accordingly;