Daniel, J.
 

 Col. Absalom Watt had four unmarried children, two sons and two daughters. He was seized and possessed of a large real and personal estate ; and, in the year 1834, he made his will, and devised and bequeathed lands and personal property to each of his children. To his two' sons, the defendant and his brother Rufus Watt, the testator devised as follows I give to my two sons William Watt and Rufus Watt the tract of land I purchased on Dan River, to them and their heirs forever.” In a subsequent part of the will the testator says, “I will, that, if any of my children die without issue, leaving a wife or husband, it is my will such wife or husband shall be entitled to one half of the property, the other half to be equally- divided between my other children or their heirs.” The word
 
 properly
 
 in this last 'clause covers both the real and personal estate, given by the will to each of the four children. By our Statute, Rev. Stat. Ch. 122, sec. 11, after the 15th of January, 1828, “ every contingent limitation in any will, made to depend upon the dying without heir, or heirs of -the body, or without issue or issue of the body &c. shall be held and interpreted a limitation to take effect, when such person shall die, not having such heirs or issue &c. living at the time of his death or born to him within ten months thereafter, unless the intention of such limitation be otherwise expressly declared in the face of the will creating it.” The fee simple, which the clause in the will first above-mentioned gave to the de-
 
 *290
 
 in a moiety of the Dan River lands, is, by the second clause of the will as abovementioned, cut down to a fee conditional, resting upon a contingency. A good estate in fee in the same lands may possibly hereafter spring up, on the death of the defendant without issue, leaving a wife, to any such wife and his brothers and sisters or their heirs. The limitation over of the fee, on the events specified in the will, is not too remote, and is good by way of executory devise ; and it belongs to that class of executory devises which permits a fee to be limited on a fee, and the leading
 
 case on
 
 rvhich is
 
 Pells
 
 v
 
 Brown,
 
 Cro. Ja. 590. The defendant, by the deed he executed, conveyed only the conditional fee he had; it did not destroy the limitation over. It is unnecessary for us now to decide the question whether a deed
 
 from
 
 him and his brothers and sisters, with warranty binding themselves and their heirs, would estop |hem, and rebut their heirs, by force of the collateral warranty, to enter on the said land ; as we are sure, that no conveyance known to the law can bar the executory devise, made in the will of the testator, to any widow the defendant may leave, in case he should die without issue and leave a widow. Nor is it necessary for us to say, who would take the land, on the event that the defendant should die without issue and without leaving a widow. The defendant has not the power to make a clear title to the fee simple. Therefore the judgment must be affirmed.
 

 Per CuRiam, Judgment affirmed.