Pearson, J.
 

 Marmaduke Myers died in 1831, leaving a will, by which he devised his real estate to his six sons,
 
 “
 
 to be divided equally among them, when the youngest should arrive at full
 
 *172
 
 age;” after which, is this
 
 clause:
 
 — “ Should it please God that any one or more of my six beloved sons, viz. Joshua, Calvin, Burwell, Thomas, Stephen and Albert, should die leaving no lawful heir, the land shall belong to those of the six whose names are written above, that God may let live.” Burwell and Thomas died in the lifetime of the devisor. The land was divided be■tween the other four when the youngest arrived at age. The tract in question fell to the lot of Calvin. He conveyed it in 1838, by deed of bargain and sale with
 
 general warranty
 
 to the defendant, and died in 1850, without leaving a child, and Stephen Myers, the lessor of the plaintiff, is one of his heirs at law. The plaintiff insists that his lessor is entitled under the will of Marmaduke Myers. The defendant insists that as he, Stephen, is one of the heirs at law of Calvin Myers, (his bargainor,) he is barred by the warranty of his brother. His Honor was of opinion that the warranty was a bar. To this the plaintiff excepts. There is error.
 

 This case presents tire very question that was presented in
 
 Spruill
 
 v.
 
 Leary,
 
 13 Ire. 225, (but was tried before that case was printed); and the question is, can the taker of the first fee, under a conditional limitation or executory devise, by which a fee is limited after a fee, by means of a bargain and sale in fee
 
 with warranty,
 
 bar the taker of the second fee, without assets descended — the taker of the second fee being his heir at law ?
 

 Spruill
 
 v.
 
 Leary,
 
 decides that the warranty is a bar. The decision is put on
 
 Flynn
 
 v.
 
 Williams,
 
 1 Ire. 509, and was filed hastily, upon the idea on the part of a majority of the Court, that
 
 Flynn
 
 and
 
 Williams
 
 was on all fours, and directly in point.
 

 In that case, the taker of the second fee died, leaving the taker of the first fee his heir; so, the condition
 
 was extinct,
 
 or, in other words, both fees fell upon the same person — the first by the will, and the second by descent; and of course he then had an absolute estate, and neither he nor his heir could deny the title of one claiming under his deed.
 

 In
 
 Spruill
 
 v.
 
 Leary,
 
 the taker of the first fee died, and the condition not having been performed, the estate passed to the taker of the second fee by force of the condition, unless the war
 
 *173
 
 ranty made by the taker of the first fee be stronger than the
 
 condition made by the original donor.
 

 It is clear
 
 Spruill
 
 v.
 
 Leary
 
 is not sustained by
 
 Flynn
 
 v.
 
 Williams;
 
 and after much research, no authority has been found to support the
 
 “
 
 artificial and hard rule, the practical operation of which, at this day, (would be) to enable one man to sell another man’s land, without compensation.”
 

 I am directed by the Chief Justice and my brother Battle to state, that they concur in the reasoning and conclusion set out in the dissenting opinion filed by me in
 
 Spruill
 
 v
 
 Leary,
 
 (not reported until the next term, by mistake). See 13 Ire. Law, 408; and we deem it unnecessary to elaborate the subject any further.
 

 PeR CuRiam. Judgment reversed, and
 
 venire de novo
 
 awarded.