PtíARSON, C. J.
 

 Is the limitation over to the heirs of the body of the testator valid, or is it too remote? It is not necessary, in order to decide this question, to say whether Penny Newkirk took an estate, for life, with a limitation to the heirs of her body
 
 as purchasers
 
 at her decease, or whether she took the entire estate under the rule in Shelly’s case defeasi-ble, at her decease, to make room for the limitation over; for in either view, as she never had a child, the property will pass under the limitation over, provided it be not too remote.
 

 We think the limitation over is valid, because it is so limited, that if it takes effect at all, it must take effeet at her death. The ownership of the property must, at the time, be absolutely determined one way or the other, consequently, it was not “tied up” longer than the law allows. The very learned and able argument, filed by
 
 Mr. Wright,
 
 relieves the Court from the necessit of elaborating the subject. Wo adopt his reasoning, to show that the time is fixed, and the limitation over
 
 *267
 
 depends upon her having heirs of her body at her decease : “The force of the words
 
 at her
 
 decease, pervades the whole clause, and manifestly qualifies both of the limitations.
 
 To the lawful heirs of her
 
 body,
 
 if any such there be.
 
 When ? Clearly,
 
 at her decease ;
 
 and if none such there be. When ?' Equally clearly
 
 at her
 
 decease.” That is, “To the lawful heirs of her body, if any such there be, at her decease; and if none, to return to the lawful heirs of my body.”
 

 Of the many authorities cited by him,
 
 Baker
 
 v. Pender, 5 Jones’ Rep. 351, is enough to dispose of the question. It is there said, “We are satisfied, that the words,
 
 at her
 
 decease, fix the happening of that event, as the time at which the limitation over must take effect, if it. takes effect at all, and consequently, that, it is not too remove. At, is a more precise word of time than after, and it is settled, that
 
 after
 
 her death, is sufficient to restrict the limitation:”
 

 We, at first, inclined to the opinion that the objection, for misjoinder of parties, in respect to the personal representatives of the four sons, who died after the testator, was well taken, but upon reflection, we are satisfied, that is untenable, and that at the death of the testator, all his children had such an interest, under the limitation over, as would devolve upon their personal representatives. A contingent remainder, or any such contingent interest in land, is transmissible by descent, and in personalty, devolves upon the personal representative
 
 when the person is
 
 certain, and the uncertainty rests upon some collateral event. Where the
 
 person is uncertain,
 
 there cannot, as a matter of course, be a descent or devolution; see Fearne; Roper on Leg. 402; 1 Jarman on Wills, 177. The question is narrowed to this: Were the persons to the limitation over is given, certain ?
 
 Nemo est heresvwentis*
 
 But as the limitation is to the heirs of the body of the testator, he was dead when it took effect, and so the maxim has no application. Ileirs of the body, include children and the issue or descendants of any child who is dead;
 
 Thompson
 
 v. Mitchell, 4 Jones’ Rep. 441. In our case, as all of the children were living at the death of the testator; they were the
 
 *268
 
 'heirs of his body, and their identity was fixed with as much -certainty as if-each-child had been named, Penny, — -the daughter, to whom the property is given in the first instance, being -excepted by necessary implication, because of the primary gift to her.
 

 If the limitation over had been “ to the heirs of my body
 
 ¿hen
 
 living,” there would have been uncertainty in respect
 
 to the persons
 
 and the descendants of a child, dying after the testator, would have answered the description at the happening of the event, and become, entitled to the share .their parent, if living, would have taken, to the exclusion of the personal representatives'; but the limitation over is not thus restricted. The persons, to whom it is given, were certain at the death of the testator, and the uncertainty rested upon a collateral
 
 event
 
 irrespective ef their being alive when the event happened, consequently, the interest of the sons, who died, devolved on their personal representative;
 
 Sanderlin
 
 v. Deford, 2 Jones’ Rep. 74.
 

 Per Curiam, Let the demurrer foe over-ruled, and a decree be entered, declaring the opinion of ■the Court as to the construction-of the will and requiring the defendant to answer.