E. PEARL SEAWELL, L. SHELL JONES, J. CRAIGE JONES, JOHN WESLEY HARTSFIELD, MABEL HARTSFIELD, LOUISE H. JOHNSON, SUSIE M. HARTSFIELD, NINA H. GRIMES, RICHARD D. HARTSFIELD, JOHN HARTSFIELD, MARY H. JONES, DAVID M. HARRIS, MARY L. HARRIS, JENNY B. HARTSFIELD, JENNY M. HARTSFIELD, WILLIAM HARTSFIELD, CHARLES HARTSFIELD, MAUDE B. HARTSFIELD, JACOB A. HARTSFIELD III, MABEL H. HOLTON, AND MARSHALL B. HARTSFIELD, NELLIE M. SCARLETTE, MAY S. MYATT, WILLIAM A. MYATT, BETSY HIGGINS, HARRIET ALEXANDER MYATT, DOTTY YINGLAND, MARGARET MYATT EDMUNDSON, PEARLE SCOTT HOOD, MILDRED M. AYCOCK AND ROBERT L. MYATT, PLAINTIFFS, v. JOSEPH B. CHESHIRE, SUCCESSOR TRUSTEE UNDER THE WILL OF B. S. HARRISON (DECEASED), AND ANN HARRISON, EXECUTRIX OF THE ESTATE OF EDWIN M. HARRISON (DECEASED), AND ANN HARRISON INDIVIDUALLY.

(Filed 23 March, 1955.)

**1. Wills § 33c—**

   The will in suit provided that the trustee should hold the estate for the use and benefit of testator's son during his natural life, and after his death, convey the estate to the son's children, "but if he have no lawful issue, then convey . . ." the estate to named beneficiaries in fee. *Held:* The will created a contingent executory devise after a fee conditional, and upon the death of the son without lawful issue then surviving, the ulterior beneficiaries are entitled to the estate.

**2. Same: Wills § 32½—**

   Where there is a contingent executory devise to named persons in the event the first taker should die without issue, the persons who are to take the contingent limitation over are certain and only the event upon which they are to take is uncertain, and the contingent remaindermen take a transmissible estate which is not dependent upon their surviving the first taker, and upon the death of the contingent remaindermen prior to the death of the first taker without children then surviving, the estate goes to the heirs, next of kin, and successors of interest of the contingent remaindermen.

**3. Trusts § 18—**

   Under the facts of this case, the costs of the administration of the trust estate were properly charged entirely to income and not to principal.

APPEAL by defendant Ann Harrison, individually, and as Executrix and Ancillary Executrix of the will of Edwin M. Harrison, deceased, from *Hall, S. J.,* at Special August 1954 Civil Term of WAKE.

Civil action by plaintiffs alleging to be "sole heirs, next of kin and distributees of ultimate takers" under the provisions of the will of B. S. Harrison, deceased, to wit: "Mrs. Octavia Carver, Ham T. Jones, John W. Jones and Jacob A. Hartsfield" for authority and direction to defendant Joseph B. Cheshire, Successor Trustee, to distribute to them funds in his hands in accordance with schedule of their respective interests—Exhibit B attached to complaint.

Defendant Ann Harrison, individually and as Ancillary Executrix of the will of Edwin M. Harrison, deceased, referred to also as Edwin Marriott Harrison, answering the complaint denies that plaintiffs are entitled to relief sought, averring that under paragraph 2 of Item 3 of the will of B. S. Harrison, deceased, the stated bequests to Mrs. Octavia Carver, Ham T. Jones, John W. Jones and Jacob A. Hartsfield, respectively, were gifts which could not become vested in them during the life of Edwin M. Harrison; and that they all died "during the lifetime of Edwin M. Harrison, the only son of the testator, and before any interest or right under the will of B. S. Harrison became vested" in them, "or in any wise transmissible by them to their heirs at law"; and that hence "their respective shares in remainder or otherwise in the estate terminated and the purported devises or bequests to them became void and of no effect"; and that, therefore, Edwin M. Harrison became "absolute owner of both the beneficial life estate and of the entire estate in remainder of his father," and, as such, "he was entitled to hold and possess the same free and clear of any claim or ownership asserted, or to be asserted by any person whomsoever."

And defendant Ann Harrison, individually and as Ancillary Executrix of Edwin M. Harrison, deceased, further avers that she has offered the last will and testament of Edwin M. Harrison, deceased, for probate in the Probate Court of Cook County, Illinois, in which said will she is named as sole executrix; and that pending the administration upon the estate of Edwin Marriott Harrison she will be entitled to be paid all sums of money payable by the trustee and to receive from the trustee all assets held by him as principal assets and accumulated income from the will of B. S. Harrison, deceased.

And for another and further answer and defense to complaint of plaintiff this answering defendant avers, summarily stated, that by reason of failure of original trustee, and their various successors in office, to comply with the directions given, Edwin Marriott Harrison has been required to bear all expenses of the trust from the income to which he was by law and by the terms and provisions of his father's will entitled to receive;

that Edwin Marriott Harrison was entitled "upon demand to recover from said trustees, and as a charge against the principal assets of the trust estate at any time in the hands of said trustees, the full amount of all costs of the administration of said trust estate from the 24th day of June, 1900" (when he became 21 years of age), "to the date of his death . . . 15th day of July, 1953," "a sum greatly in excess of the entire principal assets and said trust estate now in the hands of the trustee."

And thereupon the answering defendant prays judgment (1) that the successor trustee under the will of B. S. Harrison, deceased, be "authorized and empowered and directed" to account to her, as executor and ancillary executor under the will of Edwin Marriott Harrison, deceased, "for all sums of money expended by him, or by his predecessors in office since the 24th day of June, 1900 for the administration of the trust estate"; and (2) that plaintiffs take nothing by their action, but that the trustee be "authorized, empowered and directed to pay over to her all of the trust property now in his hands"; (3) for costs.

Thereupon Joseph B. Cheshire, successor trustee under the will of B. S. Harrison, replying to the further answer contained in the answer filed by defendant Ann Harrison, denies all material averments upon which she bases claim for expenses of administering the estate, and to the property held by him.

And plaintiffs replying to answer of defendant Ann Harrison as hereinabove recited, deny all material averments on which she bases claim to the property held by the trustee; and for further reply they plead various statutes of limitation, and estoppel.

When the cause came on for hearing the following stipulation was made a matter of record:

"The defendant, Ann Harrison, both in her individual capacity and in her capacity as Executrix and Ancillary Executrix of the Estate of Edwin M. Harrison, deceased, stipulates and agrees with Joseph B. Cheshire, successor trustee under the will of B. S. Harrison, deceased that the claim asserted in the second further answer and defense of the answer filed by her herein is made against the trust estate only, and is not to be construed in any fashion as being any personal claim of any sort against Joseph B. Cheshire.

"This 8th day of March 1954."

The cause, having come on for hearing in regular order at special August Term 1954 of Wake County Superior Court, before Honorable C. W. Hall, Special Judge Presiding, the parties stipulated and agreed that the Judge should hear the cause, make necessary finding of fact without intervention of a jury, state his conclusions of law and render judgment thereon.

Pursuant thereto the Judge presiding, "after consideration of the admissions in the pleadings, the stipulations of facts, the evidence presented and argument of counsel, finds the facts, states conclusions of law and renders judgment thereon as follows:

"1. B. S. Harrison died in Wake County, North Carolina, in 1889, leaving a last will and testament which was duly probated in the office of the Clerk of the Superior Court of Wake County, North Carolina, now appearing of record in Will Book B, page 342; and that all beneficiaries designated in said will were living at the time of the death of the said testator, B. S. Harrison.

"2. By the terms of said will (Item 3, paragraph 1), the testator devised and bequeathed to his executors and trustees one-third of his estate to be set apart and held for the use and benefit of his wife, V. S. Harrison for her lifetime, and at her death to convey same 'to such person or persons as she may by her last will and testament appoint to receive and have the same; and in default of a disposition by her by last will and testament, the said share so set apart for her benefit shall be held for the use and benefit of my son, Edwin Marriott Harrison, in the same manner and upon the same limitations as the share hereinafter given to him is directed to be held.' "

"3. Item 3 of paragraph 2 of said will provided as follows:

" 'That they (the executors or trustees) will set apart and hold the remaining two-thirds ($\frac{2}{3}$) of my estate to them, their heirs and successors, for the use and benefit of my son Edwin Marriott Harrison, during his natural life, paying to him such part of the net annual income thereof as they may deem proper for his education, support, maintenance and needs, having due regard to his condition in life and the amount of his estate, and after his death convey what may be in their hands to his children, if he have lawful issue, in fee, and if he has no lawful issue, then convey two-fifth thereof to Mrs. Octavia Carver, daughter of Mrs. E. J. Jones, and her heirs, and one-fifth each to Ham T. Jones, John W. Jones and Jacob A. Hartsfield respectively in fee.' "

"4. Item 4 of said will provides as follows:

" 'I direct and empower my said executors both as executors and trustees as aforesaid, their heirs and successors, to collect, sell and convey for the purpose of carrying into effect the provision of this my will or for the purpose of investment and reinvestment, any part of my estate or its proceeds or the shares above given to them as trustees and to make any sales, conveyances and reinvestments from time to time as they may deem best for the interests and enhancement of the same, and I recommend that before the majority of my son as much of the share set apart for the use and benefit of my son as is convenient and wise in the opinion of said trustees, shall be invested in improved real estate, such real estate to be

conveyed to them and held by them as trustees upon the trust and with the powers hereinbefore set out. The rents and profits of all real estate in which said trustees may invest shall be collected by them during the minority of my said son, but after his majority the said real estate shall be managed and the rents and profits thereof received collected and enjoyed by him during his life.' "

"5. That V. S. Harrison, widow of the testator dissented from her husband's will and thereby relinquished all benefits provided for her thereunder, taking instead the benefits she would have been entitled to receive had her husband died intestate. The entire balance of said estate thereby became impressed with the trust as set out in paragraph 2 of Item 3 of said will.

"6. Mrs. Octavia Carver died in 1923 and by descent and other processes of devolution of property rights, any transmissible interest which she had in said trust is now vested in E. Pearl Seawell.

"7. John W. Jones died in 1930 and by descent and other processes of devolution of property rights, any transmissible interest which he had in said trust is now vested in J. Craige Jones.

"8. Ham T. Jones died in 1931 and by descent and other processes of devolution of property rights, any transmissible interest which he had in said trust is now vested in L. Shell Jones, Nellie M. Scarlette, Mary S. Myatt, William A. Myatt, Betsy Higgins, Harriet Alexander Myatt, Dotty Yingland, Margaret Myatt Edmundson, Pearle Scott Hood, Mildred M. Aycock and Robert L. Myatt in the proportions as set out hereinafter.

"9. Jacob A. Hartsfield died in 1918 and by descent and other processes of devolution of property rights, any transmissible interest which he had in said trust is now vested in the persons set out in Schedule B attached to the plaintiffs' complaint and in the proportions as set out hereinafter.

"10. Edwin Marriott Harrison, the only child of B. S. Harrison, reached his majority on June 24, 1900, and died June 24, 1953, in Cook County, Ill., without having had or leaving any lawful issue.

"11. Edwin Marriott Harrison left a last will and testament which has been duly probated in Cook County, Ill., and Ann Harrison, widow of Edwin Marriott Harrison, is named as sole executrix, and she has qualified as executrix of his estate in the Probate Court of said Cook County, Ill., and has also qualified as ancillary executrix under said will in the office of the Clerk of the Superior Court of Wake County, North Carolina.

"12. All parties to this action are all properly before the court, are over 21 years of age and otherwise *sui juris,* and they are all the persons who have any interest in the said B. S. Harrison trust estate.

"13. Joseph B. Cheshire, Jr., was appointed as successor trustee in 1931 and has properly administered said estate since his appointment and now has in hand as such trustee approximately $25,000, consisting entirely of personal property.

"14. The costs and expenses of the administration of the trust estate including trustees' commissions, have been deducted and paid from the income of the estate by the present trustee and no demand has been made upon him to pay such costs and expenses from the *corpus* thereof.

"15. Edwin Marriott Harrison all during his lifetime accepted from the trustees of the estate, the net income from the estate, and never made any demand upon the present trustee to make any investments in real estate.

"16. None of the trustees of said trust estate ever invested any of the trust funds in improved real estate.

"17. All defendants have been served with process and have filed answers."

CONCLUSIONS OF LAW

"1. Upon the death of the testator, B. S. Harrison, and the probate of his will, Mrs. Octavia Carver, Ham T. Jones, John W. Jones, and Jacob A. Hartsfield, the ulterior takers designated in paragraph 2 of Item 3 of said will, acquired in the trust estate, created under the will, interests known in law as contingent remainders, contingent limitations or executory devises and such interests so acquired were and are transmissible by descent, as said persons who were to take the same were certain, although the event upon which they were to take was uncertain.

"2. Upon the death of the life tenant, Edwin Marriott Harrison, on June 24, 1953, without having had or leaving lawful issue, the plaintiffs herein who are the respective heirs, next of kin and successors in interest of the said Mrs. Octavia Carver, Ham T. Jones, John W. Jones, and Jacob A. Hartsfield, became absolutely vested with the absolute ownership of said trust property, and are now entitled to distributive shares therein as follows:

"⅖ to E. Pearl Seawell, as sole heir of Mrs. Octavia Carver, deceased.

"⅕ to J. Craige Jones as sole heir of John W. Jones, deceased.

"⅕ to L. Shell Jones and the Myatt heirs as set out above in paragraph 8 of Findings of Facts.

"⅕ to the heirs and successors in interest of Jacob A. Hartsfield, deceased,

who are the persons listed as such in the schedule attached to plaintiffs' complaint and marked Exhibit B and their respective interests in the entire trust are in the proportions set forth in said schedule and as shown hereinafter.

"3. The trustees of said trust were not required to invest any of the trust estate in improved real estate and Edwin Marriott Harrison, therefore, had no rights to rents and profits from any such real estate after reaching his majority.

"4. Ann Harrison has no interest in the said B. S. Harrison trust estate either individually or as executrix of the estate of Edwin Marriott Harrison, deceased, and she is not entitled to recover anything by reason of the matters set up in her answers.

"Wherefore, it is Ordered, Adjudged and Decreed as follows:

"1. That Ann Harrison, have and recover nothing in this action, either individually or as executrix of the estate of Edwin Marriott Harrison, deceased.

"2. That Joseph B. Cheshire, Jr., successor trustee, is hereby authorized, empowered, and directed to make distribution of said trust funds in his hands as follows:

"(a) Pay all of the proper costs and expenses of administration and all proper costs and expenses of this litigation.

"(b) Pay net balance of said trust *corpus,* together with all income accrued since the date of the death of Edwin Marriott Harrison to the following persons in the proportions hereinafter set out.

(Here follows a list of descendants of Mrs. Octavia Carver, John W. Jones, Ham T. Jones and Jacob A. Hartsfield, as set forth in findings of fact 6, 7, 8 and 9 hereinabove.)

"3. That Joseph B. Cheshire, successor trustee under the will of B. S. Harrison, deceased, upon his distribution of said trust in accordance with this judgment and his accounting therefor to the Clerk of the Superior Court of Wake County, shall be forever relieved and discharged of all liability on account of any matters connected with the administration of said trust by either himself or his predecessors in office."

"Upon the signing of the foregoing judgment the defendant, Ann Harrison, individually and as executrix and as ancillary executrix, gave notice of exception to the findings of fact, the conclusions of law stated therein, and to the signing of the judgment, and gave notice of appeal in open court to the Supreme Court," further notice being waived, and appeals to Supreme Court, and assigns error.

*Allen Langston for appellant Ann Harrison.*

*Mordecai, Mills & Parker, Poyner, Geraghty & Hartsfield, and Bell, Bradley, Gebhart & DeLaney for plaintiffs, appellees.*

*Harris, Poe & Cheshire for defendant, appellee.*

WINBORNE, J.   The appellant states in brief filed in this Court two questions as being involved on this appeal.   The first reads as follows:

"Should the residue of the trust estate created under the will of B. S. Harrison, deceased, be now paid over to the executrix of the will of Edwin Marriott Harrison, the only son, and sole surviving heir at law of the testator, or should it be paid to the descendants and collateral heirs of persons named by the testator to take by conveyance to be made by the trustees after the death of testator's son without lawful issue?"

This question raises the basic inquiry as to what interest or estate, if any, did Mrs. Octavia Carver, Ham T. Jones, John W. Jones and Jacob A. Hartsfield acquire under the provisions of the will of B. S. Harrison.

In this connection, it is noted that V. S. Harrison, the wife of B. S. Harrison, having dissented from his will, relinquished thereby all benefits provided for her thereunder, and the entire balance of the estate became impressed with the trust as set out in paragraph 2 of Item 3 of the will.

And in accordance with the provisions of paragraph 2 of Item 3 of the will the testator declared that the trustees would "hold the remaining" part "of my estate . . . to the use and benefit of my son Edwin M. Harrison, during his natural life . . . and after his death convey what may be in their hands to his children, if he have lawful issue, in fee, but if he have no lawful issue, then convey two-fifths thereof to Mrs. Octavia Carver . . . and one-fifth each to Ham T. Jones, John W. Jones and Jacob A. Hartsfield, respectively, in fee."

Therefore, in the light of decisions of this Court, these provisions of the will of B. S. Harrison "created a contingent executory devise, after a fee conditional," for the benefit of Mrs. Octavia Carver, and Ham T. Jones, John W. Jones and Jacob A. Hartsfield if Edwin M. Harrison have no lawful issue at his death. *Sain v. Baker,* 128 N.C. 256, 38 S.E. 858. In the *Sain case, Clark, J.,* speaking for the Court of a like factual situation, declared that: "This limitation over is not void for remoteness, and took effect at the death of devisee Wesley Leonhardt, without issue, by virtue of the Act of 1827." (This act was Chapter 7, later codified as R. C. Chap. 43, Sec. 3, Code of 1883, Vol. 1, Sec. 1327, Revisal 1581, C.S. 1737, and now G.S. 41-4). In the instant case Edwin M. Harrison occupies similar position to that of Wesley Leonhardt.

The 1827 Act, *supra,* provides that: "Every contingent limitation in any deed or will made to depend upon the dying of any person without heir or heirs of the body, or without issue or issues of the body, or without children, or offspring, or descendant, or other relative, shall be held and interpreted a limitation to take effect when such person dies not having such heir, or issue, or child, or offspring, or descendant, or other relative (as the case may be) living at the time of his death, or born to him within ten lunar months thereafter, unless the intention of such limitation be otherwise, and expressly and plainly declared in the face of the deed or will creating it . . ." And in case in hand no such intention appears so

expressly and plainly declared. This statute has been construed and applied in many decisions of this Court. They are cited and discussed by *Clark, C. J.,* in *Patterson v. McCormick* (1919), 177 N.C. 448, 99 S.E. 401, and by *Denny, J.,* in *House v. House* (1949), 231 N.C. 218, 56 S.E. 2d 695.

Indeed decisions of this Court hold that the interest in an executory devise or bequest is transmissible to the heir or executor of one dying before the happening of the contingency upon which it depends. *Lewis v. Smith,* 23 N.C. 145; *Fortescue v. Satterthwaite,* 23 N.C. 566; *Moore v. Barrow,* 24 N.C. 436; *Weeks v. Weeks,* 40 N.C. 111; *Sanderlin v. De-Ford,* 47 N.C. 75; *Newkirk v. Hawes,* 58 N.C. 265; *Mayhew v. Davidson,* 62 N.C. 47. See also *Trust Co. v. Waddell,* 234 N.C. 34, 65 S.E. 2d 317, and cases cited.

In the *Fortescue case, supra,* referring to a cited case, it is said: ". . . The judges seem to have considered it as settled that contingent interests, such as executory devises to persons who are certain, were assignable. They may be assigned both in real and personal property, and by any mode of conveyance by which they might be transferred had they been vested remainders."

Also in the *Mayhew case, supra,* it is said: "We have here then a contingent limitation, where the persons are certain and the event uncertain. Interests of this sort, if in land, are transmissible by descent; if in personalty, devolve upon the personal representative," citing the *Newkirk case, supra.*

In the *Moore case, supra,* the will of E. Barrow, who died in 1832, was involved. In it he declared, "I lend my daughter Nancy E. Moore" the following property, to wit: (Slaves and articles of furniture), and, continuing, "If my daughter Nancy E. should depart this life without issue, then it is my will that her husband, William C. Moore, should have one-half of the property I have lent to her; but the property is to be held in trust by my executors until the death of my daughter Nancy E., and then her half of the property is to be equally divided between her brother Joseph and her two sisters, Martha and Rachel." William C. Moore died in 1838 after the testator, leaving his wife Nancy surviving him, and then Nancy died in 1839, having made a will, but without issue. The administrator of William C. Moore brought suit to recover one-half of the property. This Court held that William C. Moore took a contingent interest in remainder in one-half of the property, which upon his death was transmitted to his administrator, and that upon the death of Mrs. Moore, without issue, his administrator had a right to recover it. And *Ruffin, C. J.,* writing for the Court, said: "The limitation over after the death of the first taker 'without issue' is within the letter of the act of 1827 (Rev. Stat. Chap. 122, Sec. 11) and is made effectual by it . . . The gift over

to the husband, brother, and sisters of Mrs. Moore is simply on the contingency of her 'dying without issue,' and it is not to him or them 'if then living,' or 'to such one or more of them as might be then alive.' Consequently, as Mrs. Moore never had issue, and is now dead, the legacy has become absolutely vested. That contingent interests of this description are transmissible to executors, and are not lost by the death of the person before the event happens on which they are to vest in possession, though once doubted, has long been settled" (citing cases).

And in *Trust Co. v. Waddell, supra,* Barnhill, *J.,* speaking to a like situation to that in hand, said : "To ascertain who are the ultimate takers the roll must be called as of the day of the death of the last surviving life beneficiary . . .," citing G.S. 41-4 and cases.

Moreover, in respect to the claim of Ann Harrison, wife of Edwin M. Harrison, and executrix of his will, this headnote in *Sain v. Baker, supra,* epitomizing the opinion, is appropriate : "When a testator devises land to his son with a limitation over to his daughters, provided the son dies without heirs, the son dying without children, cannot by will give his wife a life estate with the remainder to a third party."

Therefore, the conclusions of law numbered 1 and 2, as set forth in the judgment below, are proper, and are hereby affirmed.

The second question stated by appellant is as follows : "Is the defendant, Ann Harrison, as executrix of the will of Edwin Marriott Harrison, entitled to recover from the trust estate the costs of administration of the trust estate which have been charged entirely to income and not to principal ?"

In the light of the findings of fact set forth in the judgment as shown in the record on appeal, this Court is of opinion, and holds that conclusions of law numbered 3 and 4 as set forth in said judgment are proper, and are hereby affirmed.

The Court has given careful consideration to the argument of counsel for appellant, as well as to all citations of authority. However, they are deemed inapplicable to the factual situation in hand.

Therefore, the judgment from which appeal is taken is

Affirmed.