SUEANNE M. JERNIGAN (UNMARRIED) PLAINTIFF v. MAXINE CORE
LEE AND HUSBAND, LEON LEE; WILLIAM CORE (UNMARRIED);
LAURA P. ELMORE AND HUSBAND, P. W. ELMORE; FRANCES
J. BARTON AND HUSBAND, WILLIAM F. BARTON; KIT-
TIE CORE HENRY CHISM AND HUSBAND, AUBREY CHISM;
CARRIE MAE P. CORE PARKER AND HUSBAND, ALVESTER
PARKER; DONALD CORE (UNMARRIED); LOUISE POPE STEW-
ART (WIDOW); ALINE S. McDONALD (UNMARRIED); BOBBIE
STEWART AND WIFE, DAPHINE S. STEWART; RUBY S. TAYLOR
AND HUSBAND, EARL TAYLOR; ROBERT D. STEWART AND WIFE,
JACQUELINE P. STEWART; GABE STEWART AND WIFE, BETTY
B. STEWART; MARIE STEWART HARDY AND HUSBAND, ROBERT
M. HARDY; CHRISTINE S. HOLTON (UNMARRIED); LOIS S. MEE
AND HUSBAND, ART MEE; MARGARET J. STEWART BANASZAK
AND HUSBAND, ROBERT E. BANASZAK; EOMY J. STEWART
THOMPSON (WIDOW); THELMA S. LEWIS AND HUSBAND, WIL-
LARD R. LEWIS; LEAH S. HOBBS AND HUSBAND, THAD HOBBS;
OLIN T. STEWART AND WIFE, JOYCE STEWART; WILLIAM
ARMSTRONG AND WIFE, MARY P. ARMSTRONG; EARL ARM-
STRONG AND WIFE, RUTH M. ARMSTRONG; JACK STEWART
AND WIFE, ALDINE PRICE STEWART; MARSHALL STEWART,
JR. AND WIFE, EVELYN D. STEWART AND JOSEPH H. LEVINSON,
COMMISSIONER IN SPECIAL PROCEEDINGS 69 SP 68, OFFICE OF THE CLERK
OF THE SUPERIOR COURT OF JOHNSTON COUNTY, DEFENDANTS

No. 13

(Filed 30 July 1971)

1. Wills § 36— defeasible fees — executory devises

Devise to testatrix' son and his heirs, but if he dies "without
issue or heirs by him begotten," then to testatrix' daughter in fee,
and if she dies without "any heir of her body living at her death,"
then to another *is held* to give the son a fee simple defeasible upon
his death without surviving issue, and to give the daughter an executory
interest contingent upon the son's death without surviving issue; and
when the son died without issue, the daughter took a fee simple
defeasible upon her death without surviving issue.

2. Wills § 36— defeasible fee

Devise to testatrix' brother "and his heirs, if any, otherwise to his
next of kin, who may be living at his death" *is held* to give the
brother a fee defeasible upon his death without surviving issue.

3. Wills § 28— intent of testator — transposition or addition of words
by court

To effectuate the intention of the testator the court may transpose
or supply words, phrases and clauses when the sense of the devise
in question as collected from the context manifestly requires it.

4. Wills § 69— conveyance or devise of contingent interest

Contingent interests, such as contingent remainders, springing
uses and executory devises may be sold, assigned, transmitted or

devised provided the identity of the persons who will take the estate upon the happening of the contingency be ascertained.

**5. Wills § 69— conveyance of future interest — conditions and contingencies**

The grantee of a future interest takes it subject to the same conditions or contingencies imposed upon his grantor.

**6. Wills § 35— time of vesting — survival of devisee to given time or event**

If the vesting of an estate is conditioned upon a devisee's survival to a given time or event, his death prior thereto will defeat his estate and any attempt he may have made to transfer.

**7. Wills §§ 36, 69— death of executory devisee prior to termination of preceding defeasible fees**

Where testatrix devised successive fees to her son, daughter and brother, each of which was defeasible upon the death of the devisee without issue, and the brother died with issue prior to the deaths of the son and daughter without issue, the fee simple absolute estate the brother would have taken had he survived the son and daughter was not defeated by his prior death, and where the brother had conveyed his interest in the estate, the heirs of his grantee took the fee simple absolute estate by substitution upon the termination of the fee defeasible estates of the son and daughter.

Justice LAKE dissents.

ON *certiorari* to review the decision of the Court of Appeals (reported in 9 N.C. App. 582, 176 S.E. 2d 899), which reversed the judgment of *Copeland, J.,* April 1970 Civil Session of JOHNSTON.

Plaintiff instituted this action to obtain a declaratory judgment construing items 2 and 4 of the will of Leacy Jernigan Stewart (testatrix) and determining the ownership of the lands therein devised.

The facts, which are not in dispute, are set forth in the judgment of Copeland, J. Except when quoted, those material to decision are summarized as follows:

Testatrix, a resident of Johnston County, died 22 June 1921. At her death she owned in fee simple the lands in controversy, a 62-acre tract which she had inherited from her mother, Susan Jernigan. Testatrix devised this land as follows:

"Item 2. I give and devise to my son, O. D. Stewart, and his heirs in fee all that tract of land in Johnston County, North Carolina. . . . (detailed description omitted).

"Item 4. I further add to paragraph 2 in this Will as follows: that if O. D. Stewart shall die without issue or heirs by him begotten, then said tract of land shall pass in fee to Meta Stewart, and if she should die without any heir of her body living at her death, then said tract of land shall pass to Berry Jernigan and his heirs, if any, otherwise to his next of kin, who may be living at his death."

O. D. Stewart, who never married, died 31 January 1946 without having had any children.

Meta Stewart (Barefoot) died on 30 July 1968 without ever having had any children.

Berry Jernigan, the brother of testatrix, died 19 September 1944, predeceasing both O. D. Stewart and Meta Stewart Barefoot. Berry Jernigan was survived by his only child and heir, the plaintiff, who was born 14 August 1927.

By warranty deed, dated 29 December 1939, Berry Jernigan conveyed his interest in the lands to O. D. Stewart. Defendants are the heirs of O. D. Stewart and claim under this deed.

Upon the foregoing facts plaintiff contends that she owns the disputed land in fee simple. Defendants, contending that they own the entire property as tenants in common, moved under G.S. 1A-1, Rule 56(b), for a summary judgment in their favor. Judge Copeland entered judgment "that the defendants are entitled to a summary judgment in this matter . . . and the motion of the defendants for summary judgment is hereby granted." From this judgment plaintiff appealed to the Court of Appeals.

The Court of Appeals, in reversing the summary judgment for defendants, held: (1) The devise to "Berry Jernigan and his heirs" created a "potential tenancy in common" between Berry and his children. (2) Plaintiff therefore owns a one-half interest in the property in her own right under testatrix' will. (3) Berry Jernigan conveyed his expectancy in the other half of the property in 1939 by his deed to O. D. Stewart, and defendants now own that one-half interest as tenants in common with plaintiff. Upon defendants' petition we allowed *certiorari*.

*Britt and Ashley for plaintiff appellee.*

*Joseph H. Levinson for defendant appellants.*

SHARP, Justice.

Title to the land in dispute depends upon the construction to be put upon items 2 and 4 of testatrix' will. In effect, this devise is to O. D. Stewart and his heirs in fee, but if he dies "without issue or heirs by him begotten," then to Meta Stewart in fee; and if she die without "any heir of her body living at her death, then to Berry Jernigan and his heirs, if any, otherwise to his next of kin, who may be living at his death."

[1]  It is quite clear that by this devise O. D. took a fee simple defeasible upon his death without surviving issue, and that Meta took an executory interest contingent upon the death of O. D. without surviving issue. When O. D. died without issue in 1946 Meta took a fee simple defeasible upon her death without surviving issue. "[I]t has been held since very early after the statute of uses that a fee simple may be limited after a fee simple either by deed or will; if by deed, it is a conditional limitation; if by will, it is an executory devise." *Smith v. Brisson,* 90 N.C. 284, 289 (1884). *Accord, Scott v. Jackson,* 257 N.C. 658, 127 S.E. 2d 234; *Elmore v. Austin,* 232 N.C. 13, 59 S.E. 2d 205; *Williamson v. Cox,* 218 N.C. 177, 10 S.E. 2d 662; *Murdock v. Deal,* 208 N.C. 754, 182 S.E. 466; *Kirkman v. Smith,* 174 N.C. 603, 94 S.E. 423; *Burden v. Lipsitz,* 166 N.C. 523, 82 S.E. 863; *Myers v. Craig,* 44 N.C. 169; *Smith v. Brisson, supra; Garland v. Watt,* 26 N.C. 287; 7 N. C. Index 2d, *Wills* § 36 (1968) ; 28 Am. Jur. 2d, *Estates* § 363 (1966).

[2]  Meta's estate ended in July 1968 when she died without surviving issue. At that time the devise "to Berry Jernigan and his heirs, if any, otherwise to his next of kin, who may be living at his death" became effective. What did testatrix intend by this language? We hold that she intended to devise to Berry the same estate which she had given the two preceding devisees— a fee defeasible upon death without surviving issue. Properly interpreted, this devise is to Berry and his heirs and, if none at his death, to his next of kin then living. In *Massengill v. Abell,* 192 N.C. 240, 134 S.E. 641, a practically identical devise was held to be a fee defeasible upon the death of the devisee without issue.

[3]  In construing a will the court considers the entire instrument and seeks to ascertain from it the testator's intent. To effectuate the intention of the testator the court may transpose

or supply words, phrases and clauses when the sense of the devise in question "as collected from the context manifestly requires it." *Entwistle v. Covington,* 250 N.C. 315, 319, 108 S.E. 2d 603, 606; 7 N. C. Index 2d, *Wills* § 28 (1968). We can detect no intent to create "a potential tenancy in common" between Berry and his children in a devise "to Berry Jernigan and his heirs, if any, otherwise to his next of kin who may be living at his death." On the other hand, the devise to Berry of a fee, defeasible upon his death without surviving issue, completes testatrix' plan which gave to each named devisee a fee determinable upon identical condition. *See Whitley v. Arenson,* 219 N.C. 121, 12 S.E. 2d 906; *Starnes v. Hill,* 112 N.C. 1, 16 S.E. 1011.

At the time of Berry's death his daughter, the plaintiff, survived him. Had Berry survived both O. D. and Meta there can be no doubt that, upon his death with issue surviving, his defeasible fee would have become a fee simple absolute; that his 1939 deed would have then passed the unqualified fee to the heirs of O. D. Stewart, and that plaintiff, as Berry's heir, would be estopped by his deed, *Thames v. Goode,* 217 N.C. 639, 9 S.E. 2d 485. The interest which Berry had in 1939 was at that time "alienable, devisable, and inheritable." 31 C. J. S. *Estates* § 122 (1964).

[4]  "[E]xecutory devises are not considered as mere *possibilities,* but as *certain interests* and *estates." Fortescue v. Satterthwaite,* 23 N.C. 566, 570 (1841). A long line of decisions by this Court establishes that contingent interests, such as contingent remainders, springing uses, and executory devises may be "sold, assigned, transmitted, or devised" provided the identity of the persons who will take the estate upon the happening of the contingency be ascertained. *Newkirk v. Hawes,* 58 N.C. 265; *Bodenhamer v. Welch,* 89 N.C. 78; *Wright v. Brown,* 116 N.C. 26, 22 S.E. 313; *Cheek v. Walker,* 138 N.C. 446, 50 S.E. 863; *Beacom v. Amos,* 161 N.C. 357, 77 S.E. 407; *Hobgood v. Hobgood,* 169 N.C. 485, 86 S.E. 189; *Lee v. Oates,* 171 N.C. 717, 88 S.E. 889; *Malloy v. Acheson,* 179 N.C. 90, 101 S.E. 606; *Woody v. Cates,* 213 N.C. 792, 197 S.E. 561; *Thames v. Goode, supra;* Simes and Smith, Future Interests § 1859 (2d ed. 1956). "They may be assigned . . . both in real and personal estate, and by any mode of conveyance by which they might be transferred had they been vested remainders." *Fortescue v. Satterthwaite, supra* at 570; 28 Am. Jur. 2d, *Estates* §§ 317, 371 (1966).

The rule established by the foregoing decisions was incorporated in G.S. 39-6.3 enacted in 1961 and applicable only to conveyances operative on or after 1 October 1961.

[7] Did Berry's death prior to the termination of the two defeasible fees which were interposed before his executory devise defeat the estate he would have taken had he survived them? In other words, was his power to convey his interest dependent upon his surviving the two preceding devisees? The answer is No.

Decisions of this Court hold that "the interest in an executory devise or bequest is transmissible to the heir or executor of one dying *before the happening of the contingency upon which it depends.*" (Emphasis added.) *Seawell v. Cheshire,* 241 N.C. 629, 637, 86 S.E. 2d 256, 261. This question was squarely decided in *Moore v. Barrow,* 24 N.C. 436, wherein Ruffin, C.J., said: "That contingent interests of this description are transmissible to executors, and are not lost by the death of the person before the event happens on which they are to vest in possession, though once doubted, has long been settled." *Id.* at 439. *Accord, Lewis v. Smith,* 23 N.C. 145; *Sanderlin v. Deford,* 47 N.C. 75; *Newkirk v. Hawes, supra; Kornegay v. Miller,* 137 N.C. 659, 50 S.E. 315.

[5, 6] Of course, the foregoing rule is dependent upon the nature of the contingency involved; and also, the grantee of a future interest takes it subject to the same conditions or contingencies imposed upon his grantor. "An executory devise can only be destroyed by a failure of the contingency upon which it is to take effect." 4A Thompson on Real Property § 2007 (1961). Thus, if the devisee of a fee with an executory devise over in the event he dies without issue conveys his interest and thereafter dies without lineal descendants, the estate of his grantee ends with his death; on the other hand, if he is survived by issue, an estate in fee simple absolute vests in his grantee. *Elmore v. Austin, supra; Kornegay v. Miller, supra; Bodenhamer v. Welch, supra;* Simes & Smith, Future Interests, § 1865 (2d ed. 1956). The determinable quality of the fee of the first taker follows any transfer he may make, and the grantee can take no greater estate than that possessed by his grantor. 4A Thompson on Real Property § 2007 (1961). It therefore follows that if the vesting of an estate is conditioned upon a devisee's survival to a given time or

event, his death prior thereto will defeat his estate and any attempt he may have made to transfer.

[7]   In this case the testatrix did not condition Berry's fee upon his surviving O.D. and Meta. Berry's estate was made to depend (1) upon the prior deaths of both O. D. and Meta *without* issue and (2) upon his own death *with* issue. When Meta died without issue these two conditions were met and the estate in fee simple absolute, which would have vested in Berry had he been living, vested by substitution in the heirs of O. D. Stewart under the 1939 deed from Berry to O. D. Therefore the title to the real estate involved is adjudged to be in the defendants. *Tapley v. Dill,* 358 Mo. 824, 217 S.W. 2d 369.

The decision of the Court of Appeals is reversed with directions that the cause be returned to the Superior Court for the entry of a declaratory judgment construing the will of Leacy Jernigan Stewart in accordance with this opinion.

Reversed and remanded.

Justice LAKE dissents.