White v. Alexander

———

SAMUEL WHITE, MARY WHITE RAMSEY, GEORGE LYNCH AND LUCILLE LYNCH THOMPSON v. BILLY ROY ALEXANDER AND IVA WHITE

No. 7428SC835

(Filed 25 November 1974)

1. **Wills §§ 28, 35— heirs given remainder interest — determination of of class at death of testatrix**

   In the absence of a contrary intention clearly expressed in the will or derived from its context in the light of surrounding circumstances, the general rule of testamentary construction supported by the weight of authority is that the class described as heirs of the testatrix to whom a reminder or executory interest is given by will is to be ascertained at the death of the testatrix.

2. **Wills § 35— heirs given remainder interest — contingency upon future event — determination of class at testatrix's death**

   The fact that the life tenant will be one of the class of heirs of the testatrix does not prevent the ascertainment of the membership of the class at the time of the testatrix's death, nor does the fact that the gift to heirs is contingent upon a future event which may or may not happen postpone the determination of the heirs until the occurrence of the event.

3. Wills § 35— estate involving contingency of event — roll call· at ·death of testatrix

Where testatrix devised to her son a life estate and in the event of his death without children an estate to his wife during her widowhood and remainder to the heirs of testatrix, the estate conveyed involved only a contingency of event and not of persons, and the roll should have been called as of the death of the testatrix.

APPEAL by plaintiffs from *Smith, Judge,* 25 March 1974 Session of Superior Court held in BUNCOMBE County.

Heard in Court of Appeals 23 October 1974.

This action was instituted by plaintiffs, pursuant to the Uniform Declaratory Judgment Act, seeking construction of the will of Harriet M. Stokes, which reads in pertinent part:

"*Item 2.* I give, devise and bequeath to my son, Samuel Stokes, that certain boundary of land owned by me consisting of thirty-six and three-fourths (36¾) acres, located in Swannanoa Township on the waters of the Swannanoa River adjoining the Farm School lands, Matthews Shope, Allen Coggins and others, and being the same land upon which I now reside, to be his to use and enjoy during his lifetime, and if he shall die without heirs of his body, then it is my will and desire, and I hereby direct that at the death of my son, without heirs, if his wife, Emma Stokes, shall be living that she shall use and enjoy the said land during her widowhood, and at her death or remarriage, the same shall go to my heirs. The said land so devised to my said son and to his said wife in case my said son shall have no child or children shall be chargeable with the reasonable expense for the support of my husband, Julius Stokes, and my said son and his said wife either or both of them who shall be in control of said land under this will and during the lifetime of my said husband, shall see to it that my said husband, Julius Stokes shall not want for any of the necessities of life, such as good wholesome food, good warm clothing, necessary medical attention and medicine."

The facts in this case are set out in the pleadings, stipulations, and admissions and are not in dispute.

Harriet M. Stokes died in Buncombe County on 25 March 1925 leaving a husband, Julius Stokes, who died 3 June 1939, and three living children, Hattie Stokes White, Cora Stokes

---

**White v. Alexander**

---

Lynch; and Samuel Stokes. Her son, W. B. Stokes, predeceased her leaving no heirs.

Hattie Stokes White died testate 15 December 1961 leaving all her estate to three children: Samuel White (plaintiff), Mary White Ramsey (plaintiff), and Everette White, who later died intestate in October 1964, without children but survived by his widow, Iva White (defendant).

Cora Stokes Lynch died intestate 26 May 1971 leaving two living children: George Lynch (plaintiff), Lucille Lynch Thompson (plaintiff). Her daughter, Carrie Lynch, died intestate in 1938 without heirs.

Samuel Stokes died intestate 24 March 1970 without children but survived by his widow, Emma Stokes, who subsequently died intestate on 22 August 1971, never having remarried. Emma Stokes was survived by her nephew, Billy Roy Alexander (defendant), who was her only heir at law.

At the time of her death Harriet M. Stokes owned in fee a 36-3/4 acre tract of land in Swannanoa Township, Buncombe County, which is the subject of the devise set out in Item 2 of her will. The reasonable expenses for support of her husband, Julius Stokes, referred to in Item 2, were paid by his children, and there is no charge for such support enforceable against the land.

Based upon the undisputed facts, the trial court determined as a matter of law that the heirs of Harriet M. Stokes as referred to in Item 2 of her will are determined at the date of her death and awarded judgment as follows:

> "NOW, THEREFORE, IT IS ORDERED, ADJUDGED and DE-CREED that Billy Roy Alexander, be and he is hereby declared to be the owner of a fee simple, one-third undivided interest in the aforementioned 36.75 acre tract of land, that George Lynch and Lucille L. Thompson be and they are each hereby declared to be the owner of a fee simple, one-sixth undivided interest in and to the aforementioned 36.75 acre tract of land and Iva White, Mary White Ramsey and Samuel White, be and they are each hereby declared to be the owner of a one-ninth fee simple, undivided interest in the aforementioned 36.75 acre tract of land."

From this judgment, plaintiffs have appealed.

*Adams, Hendon & Carson, P.A., by James Gary Rowe and George Ward Hendon, for plaintiff appellants.*

*Morris, Golding, Blue and Phillips, by James F. Blue III, for defendant appellee Billy Roy Alexander.*

BALEY, Judge.

The question for decision in this appeal is whether the heirs of the testatrix are to be determined at the date of the death of the testatrix, Harriet Stokes, or at the date of death of the holder of the intervening life estate, her son Samuel Stokes. We are of the opinion that the roll must be called at the date of the testatrix's death and, therefore, affirm the judgment entered by the trial court.

[1, 2] In the absence of a contrary intention clearly expressed in the will or derived from its context in the light of surrounding circumstances, the general rule of testamentary construction supported by the weight of authority is that the class described as heirs of the testatrix to whom a remainder or executory interest is given by will is to be ascertained at the death of the testatrix. *Witty v. Witty,* 184 N.C. 375, 114 S.E. 482; *Baugham v. Trust Co.,* 181 N.C. 406, 107 S.E. 431; *Jenkins v. Lambeth,* 172 N.C. 466, 90 S.E. 513; *Jones v. Oliver,* 38 N.C. 369; *see* Annot., 49 A.L.R. 174 (1927). The fact that the first taker of an intermediate estate, the life tenant, will be one of the class of heirs of the testatrix does not prevent the ascertainment of the membership of the class at the time of the testatrix's death. *Baugham v. Trust Co., supra;* Annot., 13 A.L.R. 615 (1921) and supplementary annotations. Nor does the fact that the gift to heirs is contingent upon a future event which may or may not happen postpone the determination of the heirs until the occurrence of the event. Annot., 49 A.L.R., *supra* at 185.

In this case testatrix conveyed to her son, Samuel Stokes, the tract of land on which she resided "to be his to use and enjoy during his lifetime, and if he shall die without heirs of his body . . . his wife . . . shall use . . . during her widowhood . . . and at her death or remarriage . . . shall go *to my heirs.*" Other references to children in the will indicate that "heirs of the body" clearly referred to his children, and the Rule in Shelley's Case therefore does not operate. This devise conveyed to Samuel Stokes a life estate and in the event of his death without children an estate to his wife during her widowhood and remainder to the heirs of testatrix.

**[3]** By the will the heirs of the testatrix acquired an estate which could not be taken away, and it was both transferable and inheritable.

> "[D]ecisions of this Court hold that the interest in an executory devise or bequest is transmissible to the heir or executor of one dying before the happening of the contingency upon which it depends. *Lewis v. Smith,* 23 N.C. 145; *Fortescue v. Satterthwaite,* 23 N.C. 566; *Moore v. Barrow,* 24 N.C. 436; *Weeks v. Weeks,* 40 N.C. 111; *Sanderlin v. DeFord,* 47 N.C. 75; *Newkirk v. Hawes,* 58 N.C. 265; *Mayhew v. Davidson,* 62 N.C. 47. [citations omitted.]

> In the *Fortescue case, supra,* referring to a cited case, it is said; ' . . . The judges seem to have considered it as settled that contingent interests, such as executory devises to persons who are certain, were assignable. They may be assigned both in real and personal property, and by any mode of conveyance by which they might be transferred had they been vested remainders.'

> Also in the *Mayhew case, supra,* it is said: 'We have here then a contingent limitation, where the persons are certain and the event uncertain. Interests of this sort, if in land, are transmissible by descent; if in personalty, devolve upon the personal representative,' citing the *Newkirk case, supra.*" *Seawell v. Cheshire,* 241 N.C. 629, 637, 86 S.E. 2d 256, 261-62.

They acquired such estate at the time of testatrix's death. It was contingent upon the happening of a future event which may or may not happen, that is, the death of Samuel Stokes without children. The gift to a class "my heirs" contingent upon an event, not upon the identity of the persons who took upon the happening of that event, does not import any uncertainty as to the membership of the class itself, but only uncertainty as to the happening of the future event. The persons who took the remainder were the heirs of the testatrix, and they were ascertainable at her death. The will does not say that the remainder is limited to the heirs of the testatrix then living but says simply "to my heirs." *See Newkirk v. Hawes,* 58 N.C. 265. There is no language in the will which indicates any contrary intent. Since the estate conveyed in the will involves only a contingency of event and not of persons, the roll is to be called as of the death of the testatrix. This comports with the general

---

rule of testamentary construction which applies to remainders contingent only on an event. *See Witty v. Witty, supra; Jenkins v. Lambeth, supra; Jones v. Oliver, supra.*

The case of *Burden v. Lipsitz,* 166 N.C. 523, 82 S.E. 863, cited by appellants, is distinguishable. There the testator devised a fee simple, defeasible upon the devisee's dying without issue. The court held that the heirs, who took directly from the testator when the devisee of the fee died without issue, were to be determined as of the happening of that event. In the case at bar, the devisee acquired at the testatrix's death a life interest and no more, and this life interest coexisted with the remainder estate conveyed at the same time to the heirs of testatrix.

However the interest conveyed by testatrix to her heirs may be denominated, it passed at her death, and the heirs must be determined as of the date of her death.

Affirmed.

Judges MORRIS and HEDRICK concur.